**PROSKAUER ROSE LLP**
ANTHONY J. ONCIDI (SBN 118135)
GREGORY W. KNOPP (SBN 237615)
PHILIPPE A. LEBEL (SBN 274032)
JENNIFER J. MCDERMOTT (SBN 339796)
aoncidi@proskauer.com
gknopp@proskauer.com
plebel@proskauer.com
jmcdermott@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-557-2900
Facsimile:  310-557-2193

ELISE M. BLOOM (*pro hac vice* application pending)
ebloom@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: 212-969-3000
Facsimile: 212-969-2900

Attorneys for Defendant
Duane Morris LLP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MEAGAN GARLAND, on behalf of herself and all others similarly situated.<br><br>             Plaintiffs,<br><br>   vs.<br><br>DUANE MORRIS LLP, a business entity; TAX ACCOUNTING GROUP, a business entity, and DOES 1 through 200, inclusive,<br><br>             Defendants. | Case No. 4:24-cv-04639-HSG<br><br>Judge Haywood S. Gilliam, Jr.<br><br>**DEFENDANT DUANE MORRIS LLP'S NOTICE OF PARTIAL MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        October 24, 2024<br>Time:       2:00 p.m.<br>Ctrm:      2, 4th Floor<br><br>Date Action Filed: July 31, 2024 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 24, 2024, at 2:00 p.m., in Courtroom 2 of the 4th Floor of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, defendant Duane Morris LLP will and does hereby move the Court to partially dismiss Plaintiff's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds[1]:

1.      Plaintiff's First Cause of Action for Declaratory Judgment – Misclassification of Employment fails to state a claim because it identifies a remedy rather than stating a cause of action;

2.      Plaintiff's Fourth Cause of Action for Breach of Contract fails to state a claim (i) because it alleges full compliance with the purported agreement and (ii) to the extent it seeks recovery of amounts exclusively available under the California Labor Code;

3.      Plaintiff's Seventh Cause of Action for Failure to Make Required Withholdings fails to state a claim because the law precludes a lawsuit alleging failure to withhold taxes;

4.      Plaintiff's Eighth Cause of Action for Violation of the Business and Professions Code fails to state a claim because (i) it seeks damages for which the California Labor Code provides the exclusive remedy and (ii) Garland does not allege the absence of an adequate remedy at law;

5.      Plaintiff's Ninth Cause of Action for Fraud fails to state a claim (i) because Garland has not adequately alleged reasonable reliance and (ii) to the extent it seeks recovery of amounts exclusively available under the California Labor Code;

6.      Plaintiff's Tenth Cause of Action for Conspiracy to Commit Fraud fails to state a claim (i) because Garland does not allege a conspiracy between distinct actors, (ii) to the extent it seeks recovery of withheld taxes as the law bars a lawsuit challenging tax withholding, and (iii) to the extent it seeks recovery of amounts exclusively available under the California Labor Code;

7.      Plaintiff's Eleventh Cause of Action for Negligent Misrepresentation fails to state a claim (i) because Garland has not adequately alleged reasonable reliance and (ii) to the extent it seeks recovery of amounts exclusively available under the California Labor Code;

///

---

[1] The Complaint identifies a second defendant, "Tax Accounting Group," which is simply part of Duane Morris and not a distinct entity, as Garland acknowledges.  *See* Compl. ¶ 150.

8.      Plaintiff's Twelfth Cause of Action for Breach of Fiduciary Duty fails to state a claim (i) because Garland does not allege a relationship giving rise to a fiduciary duty owed by an attorney and (ii) to the extent it seeks amounts exclusively available under the California Labor Code;

9.      Plaintiff's Thirteenth Cause of Action for Professional Negligence fails (i) because Garland does not allege a relationship giving rise to a professional duty owed by an attorney and (ii) to the extent it seeks amounts exclusively available under the California Labor Code;

10.     Plaintiff's Fourteenth Cause of Action for Unjust Enrichment fails to state a claim because (i) it seeks damages for which the California Labor Code provides the exclusive remedy and (ii) Garland does not allege the absence of an adequate remedy at law;

11.     Plaintiff's Fifteenth Cause of Action for Accounting fails to state a claim because it identifies a remedy rather than stating a cause of action;

12.     Plaintiff's Sixteenth Cause of Action for Quantum Meruit fails to state a claim because (i) it seeks damages for which the California Labor Code provides the exclusive remedy and (ii) Garland does not allege the absence of an adequate remedy at law; and

13.     Plaintiff's Seventeenth Cause of Action for Restitution fails to state a claim (i) because it seeks damages for which the California Labor Code provides the exclusive remedy, (ii) because it identifies remedies rather than stating a cause of action, and (iii) to the extent it seeks recovery of withheld taxes as the law precludes a lawsuit challenging tax withholding.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any matter upon which the Court may take judicial notice, all pleadings and papers in the Court's file, and upon any argument made at the hearing on this Motion.

Dated:  August 30, 2024                    PROSKAUER ROSE LLP

                                    By:    */s/ Gregory W. Knopp*
                                           Gregory W. Knopp
                                           Elise M. Bloom (*pro hac vice* application pending)
                                           Anthony J. Oncidi
                                           Philippe A. Lebel
                                           Attorneys for Defendant Duane Morris LLP

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................... 1

II.    LEGAL ARGUMENT ..................................................................................... 1

    A.    The Labor Code Provides The Only Remedy For Garland's Alleged Damages. ..................................................................................................... 2

    B.    The Equitable Claims Fail Because Garland Has An Adequate Remedy At Law. ................................................................................................................ 4

        1.    The Unfair Competition Claim Fails Because Garland Has A Legal Remedy. ......................................................................................... 4

        2.    The Unjust Enrichment Claim Fails Because Garland Has A Legal Remedy. ......................................................................................... 5

        3.    The Quantum Meruit Claim Fails Because Garland Has A Legal Remedy . ......................................................................................... 6

    C.    Several Claims Identify Remedies Rather Than State Causes Of Action. ........ 6

        1.    "Declaratory Judgment" Is Not A Valid Cause Of Action. .................. 6

        2.    "Accounting" Is Not A Valid Cause Of Action. .................................. 7

        3.    "Restitution" Is A Remedy For Unjust Enrichment. ............................ 8

    D.    Garland Has No Basis To Assert Tax Claims. .................................................. 8

        1.    Garland Cannot Sue Over An Alleged Failure To Withhold Taxes. ..... 8

        2.    Garland Cannot Sue To Recover Taxes Withheld. ............................... 9

    E.    The Breach Of Contract Claim Fails Because Garland Alleges Full Compliance. ..................................................................................................... 10

    F.    The Fraud Claims Fail Because Garland Cannot Show Reasonable Reliance. ........................................................................................................................... 11

    G.    The Professional Negligence And Breach Of Fiduciary Duty Claims Fail In Part. .................................................................................................................. 12

    H.    The Civil Conspiracy Claim Fails To Allege A Scheme Between Distinct Actors. .............................................................................................................. 14

III.    CONCLUSION .............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Amer v. Wells Fargo Bank NA*,
   2017 WL 4865564 (N.D. Cal. Oct. 27, 2017)..................................................7

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) .........................................................................8

*Aydin Corp. v. Varian Assocs., Inc.*,
   1995 WL 230674 (N.D. Cal. Apr. 11, 1995)..................................................14

*Balukjian v. Virgin Am., Inc.*,
   2018 WL 1242179 (N.D. Cal. Mar. 9, 2018)..................................................14

*Bem v. Stryker Corp.*,
   2015 WL 4573204 (N.D. Cal. July 29, 2015)...................................................4

*Brennan v. Sw. Airlines Co.*,
   134 F.3d 1405 (9th Cir. 1998) .......................................................................10

*Bright v. Bechtel Petroleum, Inc.*,
   780 F.2d 766 (9th Cir. 1986) .........................................................................10

*Browning v. Yahoo!, Inc.*,
   2004 WL 2496183 (N.D. Cal. Nov. 4, 2004)..................................................14

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
   824 F.3d 1156 (9th Cir. 2016) ......................................................................2, 9

*Caputo v. Prada USA Corp.*,
   2014 WL 12567143 (C.D. Cal. Feb. 6, 2014)..................................................3

*Clinard v. Bishopp's Hardware, Inc.*,
   2019 WL 13217081 (S.D. Ind. Sept. 11, 2019) ...............................................8

*Coast Surgery Ctr. v. Cigna Health & Life Ins. Co.*,
   2023 WL 10405133 (C.D. Cal. Aug. 1, 2023)...............................................5, 6

*Copperweld Corp. v. Independence Tube Corp.*,
   467 U.S. 752 (1984).........................................................................................14

*Day v. Advanced Micro Devices, Inc.*,
   2023 WL 2347421 (N.D. Cal. Mar. 2, 2023)....................................................5

*Doleman v. Meiji Mut. Life Ins. Co.*,
   727 F.2d 1480 (9th Cir. 1984) .......................................................................14

*Draper v. Am. Diagnostic Med., Inc.*,
   2009 WL 10695735 (N.D. Cal. Nov. 13, 2009) ...............................................2

*Duncan v. Cnty. of Humboldt*,
   2024 WL 3228085 (N.D. Cal. June 27, 2024) ..................................................7

*Env't & Land Mgmt., Inc. v. Hartford Fire Ins. Co.*,
   2002 WL 31052636 (N.D. Cal. Sept. 11, 2002) ...........................................................13

*Gadda v. State Bar of Cal.*,
   511 F.3d 933 (9th Cir. 2007) ........................................................................................15

*Groce v. Claudat*,
   2010 WL 3339406 (S.D. Cal. Aug. 24, 2010) ...............................................................9

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ........................................................................................1

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007) ...........................................................................2

*Jacobsen v. Katzer*,
   609 F. Supp. 2d 925 (N.D. Cal. 2009) ...........................................................................4

*Julian v. TTE Tech., Inc.*,
   2020 WL 6743912 (N.D. Cal. Nov. 17, 2020) ...........................................................5, 6

*Khankin v. JLR San Jose, LLC*,
   2024 WL 1120118 (N.D. Cal. Mar. 14, 2024) ...............................................................7

*Kooiman v. Siwell, Inc.*,
   2022 WL 2287310 (C.D. Cal. June 23, 2022) ...............................................................6

*Lau v. Gen Digit. Inc.*,
   2024 WL 1880161 (N.D. Cal. Apr. 3, 2024) ..................................................................8

*LeGarie v. Nurse*,
   2021 WL 5771144 (N.D. Cal. Dec. 6, 2021) .................................................................7

*Levy v. World Wrestling Ent., Inc.*,
   2009 WL 455258 (D. Conn. Feb. 23, 2009) ..................................................................9

*Maneely v. Gen. Motors Corp.*,
   108 F. 3d 1176 (9th Cir. 1997) ....................................................................................11

*McFarland v. Bechtel Petroleum, Inc.*,
   1985 WL 1630 (N.D. Cal. Apr. 30, 1985) ...................................................................10

*McMaster v. Coca-Cola Bottling Co. of Cal.*,
   392 F. Supp. 2d 1107 (N.D. Cal. 2005) .......................................................................10

*Minichino v. La Rosa*,
   2024 WL 3642188 (N.D. Cal. Aug. 1, 2024) ................................................................9

*Mort v. U.S.*,
   86 F.3d 890 (9th Cir. 1996) ...........................................................................................4

*NAACP of San Jose/Silicon Valley v. City of San Jose*,
   2023 WL 4983161 (N.D. Cal. Aug. 3, 2023) ................................................................7

*Ohio Nat'l Life Assurance Corp. v. Brown*,
   2007 WL 4208295 (C.D. Cal. Nov. 26, 2007)..............................................................10

Defendant Duane Morris LLP's Partial Motion to Dismiss Plaintiff's Class Action Complaint

*Pantoja v. Countrywide Home Loans, Inc.*,
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) ................................................................7

*Paparella v. Plume Design, Inc.*,
    2022 WL 2915706 (N.D. Cal. July 25, 2022) ........................................................7

*Patton v. Schneider Nat'l Carriers, Inc.*,
    2009 WL 10673060 (C.D. Cal. June 8, 2009) .......................................................3

*Perez-Encinas v. AmerUs Life Ins. Co.*,
    468 F. Supp. 2d 1127 (N.D. Cal. 2006) ..............................................................11

*Rabin v. Google LLC*,
    2023 WL 4053804 (N.D. Cal. June 15, 2023) ......................................................5

*Reddy v. Nuance Commc'ns, Inc.*,
    2012 WL 12818726 (N.D. Cal. Mar. 26, 2012) ....................................................1

*Reddy v. Nuance Commc'ns, Inc.*,
    2012 WL 692414 (N.D. Cal. Mar. 2, 2012) ........................................................14

*Resolution Tr. Corp. v. Keating*,
    186 F. 3d 1110 (9th Cir. 1999) ...........................................................................11

*Ross v. Abbott Vascular Inc.*,
    2022 WL 20275185 (N.D. Cal. Mar. 3, 2022) ....................................................14

*Rumfelt v. Jazzie Pools, Inc.*,
    2011 WL 2144553 (E.D. Va. May 31, 2011) ........................................................9

*Salazar v. McDonald's Corp.*,
    944 F.3d 1024 (9th Cir. 2019) .............................................................................2

*Scott v. Cintas Corp.*,
    2024 WL 3304793 (N.D. Cal. July 3, 2024) ........................................................4

*Shin v. ICON Found.*,
    2024 WL 2883659 (N.D. Cal. June 6, 2024) ........................................................8

*Slick v. CableCom, LLC*,
    2022 WL 4181003 (N.D. Cal. Sept. 12, 2022) .....................................................5

*Sonner v. Premier Nutrition Corp.*,
    962 F.3d 1072 (9th Cir. 2020) .............................................................................4

*United States v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) .............................................................................11

*Utne v. Home Depot U.S.A., Inc.*,
    2022 WL 1443339 (N.D. Cal. May 6, 2022) ........................................................4

*Vedachalam v. Tata Am. Int'l Corp.*,
    2010 WL 11484815 (N.D. Cal. Feb. 4, 2010) ......................................................3

*Vigdor v. Super Lucky Casino, Inc.*,
    2017 WL 2720218 (N.D. Cal. June 23, 2017) ......................................................7

Defendant Duane Morris LLP's Partial Motion to Dismiss Plaintiff's Class Action Complaint

*Woo v. Home Loan Grp., L.P.*,
  2007 WL 6624925 (S.D. Cal. July 27, 2007) ...................................................3

*Woods v. Google, Inc.*,
  889 F. Supp. 2d 1182 (N.D. Cal. 2012) ........................................................12

**STATE CASES**

*Banks v. Dominican Coll.*,
  35 Cal. App. 4th 1545 (1995) ......................................................................11

*Borissoff v. Taylor & Faust*,
  33 Cal. 4th 523 (1990) ................................................................................13

*Clark v. Superior Ct.*,
  50 Cal. 4th 605 (2010) ..................................................................................4

*Dinosaur Dev., Inc. v. White*,
  216 Cal. App. 3d 1310 (1989) .......................................................................8

*Fox v. Pollack*,
  181 Cal. App. 3d 954 (1986) .......................................................................13

*Guido v. Koopman*,
  1 Cal. App. 4th 837 (1991) ....................................................................11, 12

*Kerr v. Rose*,
  216 Cal. App. 3d 1551 (1990) .....................................................................14

*Oasis W. Realty, LLC v. Goldman*,
  51 Cal. 4th 811 (2011) ................................................................................12

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal. App. 3d 452 (1985) .......................................................................10

*Pierce v. Lyman*,
  1 Cal. App. 4th 1093 (1991) ........................................................................13

*Richman v. Hartley*,
  224 Cal. App. 4th 1182 (2014) ....................................................................10

*Skarbrevik v. Cohen, England & Whitfield*,
  231 Cal. App. 3d 692 (1991) .......................................................................13

*Teselle v. McLoughlin*,
  173 Cal. App. 4th 156 (2009) ........................................................................7

**FEDERAL STATUTES**

FRCP 12(a)(4)(A) ............................................................................................1

26 U.S.C. § 3403 .............................................................................................8

26 U.S.C. § 7421(a) .......................................................................................10

**STATE STATUTES**

18 CCR § 18662-1(a)(1)(A)......................................................................................................9

Cal. Lab. Code § 2802(a)......................................................................................................3

Cal. Lab. Code § 2802(b)......................................................................................................3

Cal. Lab. Code §2802(d)........................................................................................................3

Cal. Unemp. Ins. Code § 13070(a) ......................................................................................9

Defendant Duane Morris LLP's Partial Motion to Dismiss Plaintiff's Class Action Complaint

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff Meagan Garland is a partner of the law firm Duane Morris LLP ("Duane Morris" or the "Firm").  Despite actively seeking a promotion to partner and enjoying all the benefits of partnership ever since, she now claims she is merely *an employee* of the Firm and not a partner after all.  In time, Duane Morris will demonstrate that Garland's claims lack any validity, as Garland is a genuine partner whom the Firm has always compensated and otherwise treated fairly and well within the bounds of the law.  But regardless of its merits (or lack thereof), this lawsuit is about Garland's alleged rights under California's employment laws.  Indeed, Garland asserts claims under the California Labor Code on the premise that she was entitled to the protections afforded employees—namely, recovery of deductions from her "wages" and reimbursement of expenses.

However, Garland also pleads myriad common-law causes of action that simply double down on her Labor Code claims.  The common-law claims depend on the same misclassification theory underlying her Labor Code claims and seek the same recovery the Labor Code affords.  These claims fail for various reasons, including that the Labor Code provides the exclusive remedy for allegedly unpaid wages and unreimbursed expenses; several claims seek equitable relief that is not available where, as here, an adequate legal remedy exists (*i.e.*, Labor Code damages); and several other claims merely identify remedies rather than state law causes of action.

For these reasons and others explained below, multiple causes of action fail to state claims on which relief can be granted.  Accordingly, the Court should dismiss the First, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Causes of Action under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[2]

### II.     LEGAL ARGUMENT

Courts analyze a complaint's sufficiency based on its well-pleaded factual allegations as well as "its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).  A complaint must be

---

[2] Duane Morris reserves its right to answer the remaining claims after resolution of this Motion, pursuant to FRCP 12(a)(4)(A).  *See Reddy v. Nuance Commc'ns, Inc.*, 2012 WL 12818726, at *1 (N.D. Cal. Mar. 26, 2012) (partial Rule 12(b) motion extends time to answer).

1   dismissed under FRCP 12(b)(6) if it does not state a cognizable legal theory or allege sufficient facts to

2   support a legal theory.  *Caltex Plastics, Inc. v. Lockheed Martin Corp.,*¸ 824 F.3d 1156, 1159 (9th Cir.

3   2016).  Many of Garland's claims fail this test.

4          **A.      The Labor Code Provides The Only Remedy For Garland's Alleged Damages.**

5          Garland's Eighth, Fourteenth, Sixteenth, and Seventeenth Causes of Action fail because they

6   seek damages for which the Labor Code provides the exclusive remedy.  The crux of Garland's lawsuit

7   is that Duane Morris misclassified her as a partner rather than an employee and, as a result, underpaid her

8   "wages" because it made "unlawful deductions," "unlawfully withheld" wages, "divert[ed]" income, and

9   "fail[ed] to reimburse for reasonable expenses."  Compl. ¶¶ 83, 109, 133, 147, 167.  Garland specifically

10  pleads claims under the California Labor Code for these amounts.  Thus, for her Second Cause of

11  Action, she asserts a claim under Labor Code Section 221, which establishes that "[i]t shall be unlawful

12  for any employer to collect or receive from an employee any part of wages theretofore paid by said

13  employer to said employee."  *Id.* ¶¶ 65–73 (seeking "to recover the total amount of wages unlawfully

14  deducted, diverted or withheld").  And, for her Sixth Cause of Action, she asserts a claim under Labor

15  Code Section 2802, seeking recovery of unreimbursed "business-related expenses."  *Id.* ¶ 99.

16         These statutes provide the exclusive remedy for the alleged wage deductions and unreimbursed

17  expenses and thus preclude common-law causes of action for these same amounts.  Under California

18  law, the "new right-exclusive remedy" doctrine bars common-law causes of action seeking the remedies

19  available under the Labor Code.  This doctrine applies "where a statute creates a right that did not exist at

20  common law and provides a comprehensive and detailed remedial scheme for its enforcement."  *Salazar*

21  *v. McDonald's Corp.*, 944 F.3d 1024, 1033 (9th Cir. 2019) (quotations omitted).  In this situation, "the

22  statutory remedy is exclusive."  *Id.*

23         Applying the new right-exclusive remedy doctrine, courts dismiss common-law claims for

24  unpaid wages because the Labor Code provides the exclusive remedy.  For example, "[a] claim for

25  unpaid wages under the Labor Code cannot form the basis for a claim of conversion, because of the

26  Labor Code's detailed remedial scheme for violation of its own provisions."  *Draper v. Am. Diagnostic*

27  *Med., Inc.*, 2009 WL 10695735, at *2 (N.D. Cal. Nov. 13, 2009); *In re Wal-Mart Stores, Inc. Wage &*

28  *Hour Litig.*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007) ("a claim for unpaid wages under the Labor

1   Code cannot form the basis for a claim of conversion given the existence of the Labor Code's 'detailed

2   remedial scheme for violation of its provisions'") (citations omitted).

3           This doctrine applies to Labor Code Section 221 "because the California legislature enacted the

4   section to outlaw failure to pay a contract rate in a specific manner, i.e., through the use of kickbacks and

5   deductions." *Patton v. Schneider Nat'l Carriers, Inc.*, 2009 WL 10673060, at *3 (C.D. Cal. June 8,

6   2009); *see Vedachalam v. Tata Am. Int'l Corp.*, 2010 WL 11484815, at *4 (N.D. Cal. Feb. 4, 2010)

7   (dismissing conversion claim for unpaid wages as "precluded by Cal Labor Code § 221"); *Caputo v.*

8   *Prada USA Corp.*, 2014 WL 12567143, at *7 (C.D. Cal. Feb. 6, 2014) (same).

9           This doctrine applies equally to Section 2802.  Section 2802 created a right that did not exist at

10   common law, specifically that "[a]n employer shall indemnify his or her employee for all necessary

11   expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

12   duties[.]"  Cal. Lab. Code § 2802(a); *see Woo v. Home Loan Grp., L.P.*, 2007 WL 6624925, at *6 (S.D.

13   Cal. July 27, 2007) ("[T]he right to reimbursement created by section 2802 is a new right, not existing in

14   the common law, and therefore liability under section 2802 is limited to that expressed in the statute.").

15   Section 2802 also provides a remedial scheme for redressing violations.  *See* Cal. Lab. Code § 2802(b)

16   (procedure for calculating interest on "reimbursement for necessary expenditures") and §2802(d)

17   (procedures for citations or penalties).

18           In short, the Labor Code provides the exclusive remedy for claims alleging deducted wages or

19   unreimbursed business expenses.  Therefore, the new right-exclusive remedy doctrine bars Garland's

20   Eighth, Fourteenth, Sixteenth, and Seventeenth Causes of Action, which seek *only* these amounts.  *See*

21   Compl. ¶¶ 109 (Eighth Cause of Action for unfair competition seeking "restitution of the wages and

22   monies unlawfully withheld"); 167 (Fourteenth Cause of Action for unjust enrichment alleging Duane

23   Morris "received a benefit in withholding wages, diverting wages, [and] failing to reimburse for

24   reasonable expenses"); 175 (Sixteenth Cause of Action for quantum meruit seeking compensation "for

25   the reasonable value of their work"); and 180 (Seventeenth Cause of Action for restitution alleging that

26   "Duane Morris has refused . ... to fully compensate Plaintiff").

27           Garland asserts several other claims seeking unspecified damages, which also apparently consist

28   of the allegedly deducted wages and unreimbursed expenses.  *See* Compl. ¶¶ 84 (Fourth Cause of Action

for breach of contract alleging unspecified "damages"); 122 (Ninth Cause of Action for fraud alleging unspecified "harm[]"); 135 (Tenth Cause of Action for conspiracy alleging unspecified "suffer[ing]"); 147 (Eleventh Cause of Action for misrepresentation alleging unpaid wages and unspecified "other damages"); 159 (Twelfth Cause of Action for breach of fiduciary duty alleging unspecified "harm[]"); and 164 (Thirteenth Cause of Action for professional negligence alleging unspecified "harm[]").  If Garland contends these claims support recovery of amounts *other* than those available under the Labor Code, she should plead such alternative relief.  *See, e.g.*, *Bem v. Stryker Corp.*, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015) (dismissing negligence claim in part because plaintiff "fail[ed] to plead any facts describing . . . the injury sustained"); *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 932 (N.D. Cal. 2009) (dismissing contract claim where plaintiff alleged, "Plaintiff has been harmed," but "failed to allege a specific harm") (quotations omitted).

**B.      The Equitable Claims Fail Because Garland Has An Adequate Remedy At Law.**

Garland's Eighth, Fourteenth, and Sixteenth Causes of Action also fail because they seek equitable remedies, which are not available where, as here, adequate legal remedies exist.

1.      The Unfair Competition Claim Fails Because Garland Has A Legal Remedy.

For her Eighth Cause of Action for violations of Section 17200 of the Business and Professions Code (the "UCL"), Garland seeks "restitution" (Compl. ¶ 109), an equitable remedy.  *See Clark v. Superior Ct.*, 50 Cal. 4th 605, 613 (2010).  Garland "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL."  *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020); *see also Mort v. U.S.*, 86 F.3d 890, 892 (9th Cir. 1996) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law.").

An adequate remedy at law exists if the plaintiff can be made whole through a claim for compensatory damages.  *See Sonner*, 962 F.3d at 1082 (UCL claim that "seeks the same sum in equitable restitution" as requested in separate claim for damages fails); *Scott v. Cintas Corp.*, 2024 WL 3304793, at *8 (N.D. Cal. July 3, 2024) ("[B]ecause Plaintiff alleges the UCL violations are premised on unlawful conduct, and because Plaintiff is able and does bring viable claims under those predicate laws, Plaintiff does have adequate remedies at law for all the conduct underlying his UCL claim."); *Utne v.*

*Home Depot U.S.A., Inc.*, 2022 WL 1443339, at *2 (N.D. Cal. May 6, 2022); (rejecting UCL claim for restitution because, "in their Labor Code cause of action, Plaintiffs seek unpaid wages, actual damages, and liquidated damages"); *Slick v. CableCom, LLC*, 2022 WL 4181003, at *3 (N.D. Cal. Sept. 12, 2022) (similar).

Garland concedes she has an adequate legal remedy.  The only relief she seeks under her UCL claim is "restitution of the wages and monies unlawfully withheld and retained by the Firm."  Compl. ¶ 109.  These are the exact same amounts she seeks in damages under the Labor Code.  *See id.* at ¶ 73 (Garland "seek[s] to recover the total amount of wages unlawfully deducted, diverted or withheld in violation of [the] Labor Code").  Therefore, Garland plainly has an adequate legal remedy, which precludes the UCL claim, as courts consistently hold.[3]

2.      The Unjust Enrichment Claim Fails Because Garland Has A Legal Remedy.

Garland also cannot plead a claim for unjust enrichment without alleging an inadequate remedy at law.  *E.g., Rabin v. Google LLC*, 2023 WL 4053804, at *13 (N.D. Cal. June 15, 2023) (dismissing unjust enrichment claim where "Plaintiffs have not pled facts to suggest that they lack an adequate remedy at law[.]"); *Day v. Advanced Micro Devices, Inc.*, 2023 WL 2347421, at *1 (N.D. Cal. Mar. 2, 2023) ("[U]nder California law, an unjust enrichment claim must be pleaded in the alternative, and plaintiffs must allege why legal remedies are inadequate."); *Julian v. TTE Tech., Inc.*, 2020 WL 6743912, at *4-5 (N.D. Cal. Nov. 17, 2020) (dismissing claim "because Plaintiffs have not demonstrated the inadequacy of a legal remedy;" "it is not an unfair burden to require Plaintiffs to explain *why* legal remedies are inadequate in their pleading") (original emphasis).

As with her UCL claim, Garland's unjust enrichment claim seeks the same amounts sought in damages under the Labor Code.  Specifically, she alleges Duane Morris "received a benefit in withholding wages, diverting wages, [and] failing to reimburse for reasonable expenses incurred."  Compl. ¶ 167; *compare id.* ¶¶ 73 (seeking "wages unlawfully deducted, diverted or withheld in violation of [the] Labor Code"); 99 (seeking "business-related expenses" under the Labor Code).  Therefore,

---

[3] As part of her declaratory judgment claim, Garland states, "[t]he non-equity partners have no adequate remedy at law," without alleging any supporting facts.  Compl. ¶ 63.  "Courts generally require plaintiffs to allege some facts suggesting that damages are insufficient to make them whole."  *Coast Surgery Ctr. v. Cigna Health & Life Ins. Co.*, 2023 WL 10405133, at *2 (C.D. Cal. Aug. 1, 2023).  In any event, Garland's damages claims belie her unsupported allegation.

Garland has adequate remedies at law.  *See Julian*, 2020 WL 6743912, at *5 (dismissing unjust enrichment claim where damages sought were "the same as what may be obtained as restitution"); *Coast Surgery*, 2023 WL 10405133, at *2 (dismissing unjust enrichment claim because "claims for damages under its other causes of action, which are predicated on the same conduct as its claims for equitable relief, undermine any potential inadequacy of legal remedies").

             3.     <u>The Quantum Meruit Claim Fails Because Garland Has A Legal Remedy</u> .

The Sixteenth Cause of Action for Quantum Meruit also requires an inadequate remedy at law. *See Kooiman v. Siwell, Inc.*, 2022 WL 2287310, at *4 (C.D. Cal. June 23, 2022) ("[Q]uantum meruit is an equitable remedy, [which] are usually unavailable where the remedy at law is adequate, as where damages are quantifiable.") (cleaned up); *Coast Surgery*, 2023 WL 10405133, at *2 (dismissing quantum meruit claim for failure to plead inadequate legal remedy) (cleaned up).

Once again, Garland's quantum meruit claim seeks recovery of the same amounts she seeks in damages under the Labor Code.  Garland alleges, without explanation, "Duane Morris has not compensated Plaintiff and Class Members for the reasonable value of their work," apparently referring to the amounts deducted from her compensation. Compl. ¶ 175.  Having failed to allege why the Labor Code damages would not compensate her for "the reasonable value" of her work, Garland cannot state a claim for equitable relief.  *See Coast Surgery*, 2023 WL 10405133, at *2 (dismissing quantum meruit claim because plaintiff's "claims for damages under its other causes of action, which are predicated on the same conduct as its claims for equitable relief, undermine any potential inadequacy of legal remedies"); *Kooiman*, 2022 WL 2287310, at *4 (where plaintiff "is able to adequately recover his unreimbursed business expenses through legal remedies . . . recovery in quantum meruit is unavailable to him as to these expenses").

**C.**    **Several Claims Identify Remedies Rather Than State Causes Of Action.**

Garland's First, Fifteenth, and Seventeenth Causes of Action merely identify remedies, rather than assert independent causes of action.  The Court should dismiss these claims with prejudice.

             1.     <u>"Declaratory Judgment" Is Not A Valid Cause Of Action.</u>

Garland's First Cause of Action, entitled "Declaratory Judgment – Misclassification of Employment," merely sets forth Garland's request for the declaratory judgment remedy.  It does not state

a cause of action, as courts consistently hold.  *See, e.g.*, *Duncan v. Cnty. of Humboldt*, 2024 WL 3228085, at *3 (N.D. Cal. June 27, 2024) ("Plaintiff fails to state a claim for injunctive or declaratory relief because those are not causes of action."); *Khankin v. JLR San Jose, LLC*, 2024 WL 1120118, at *7 (N.D. Cal. Mar. 14, 2024) (dismissing without leave to amend "because declaratory relief is not an independent claim as a matter of law"); *NAACP of San Jose/Silicon Valley v. City of San Jose*, 2023 WL 4983161, at *2 (N.D. Cal. Aug. 3, 2023) (claims for "'injunctive relief' and . . . 'declaratory relief[]'" . . . are types of remedies rather than standalone causes of action").

2.      "Accounting" Is Not A Valid Cause Of Action.

Garland's Fifteenth Cause of Action for Accounting also identifies a potential remedy rather than stating an independent cause of action.  *See Paparella v. Plume Design, Inc.*, 2022 WL 2915706, at *8 (N.D. Cal. July 25, 2022) ("Paparella's request for an accounting is more accurately understood as a remedy, not an independent cause of action."); *LeGarie v. Nurse*, 2021 WL 5771144, at *13 (N.D. Cal. Dec. 6, 2021) ("Plaintiffs' request for an accounting is not properly asserted as a separate cause of action."); *Amer v. Wells Fargo Bank NA*, 2017 WL 4865564, at *13 (N.D. Cal. Oct. 27, 2017) (similar) (citations omitted); *Vigdor v. Super Lucky Casino, Inc.*, 2017 WL 2720218, at *9 (N.D. Cal. June 23, 2017) ("Courts interpreting California law have also consistently classified injunctive relief and accounting as remedies and not separate causes of action.").

Moreover, even if "accounting" could be a standalone cause of action, Garland did not adequately plead it because she failed to allege facts showing any amount owed to her "can only be ascertained by an accounting."  *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009).  "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation."  *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).  Garland alleges only that she is entitled to unspecified "remuneration." Compl. ¶ 171.  She presumably means the amounts deducted from her compensation or the allegedly unreimbursed expenses, but she alleges no facts suggesting these amounts are not "a sum certain or a sum that can be made certain by calculation."  *Teselle*, 173 Cal. App. 4th 179.  For this reason, as well, she failed to state a claim for "accounting."

///

3.    "Restitution" Is A Remedy For Unjust Enrichment.

Garland pleads a Fourteenth Cause of Action for Unjust Enrichment and a Seventeenth Cause of Action for Restitution.  However, "unjust enrichment" and "restitution" are "synonymous."  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *see also Shin v. ICON Found.*, 2024 WL 2883659, at *9 (N.D. Cal. June 6, 2024) ("Unjust enrichment is an equitable principle that underlies various legal doctrines and remedies.  It is synonymous with 'restitution.'") (citations omitted) (cleaned up).  Therefore, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"  *Astiana*, 783 F.3d 753, 762 (citation omitted); *see also Lau v. Gen Digit. Inc.*, 2024 WL 1880161, at *5 (N.D. Cal. Apr. 3, 2024) ("A claim for unjust enrichment is essentially a claim for restitution[.]"); *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1314 (1989) (same).

Because Garland separately pleads a claim for unjust enrichment "seeking restitution," her Seventeenth Cause of Action for "restitution" is entirely duplicative.  *See* Compl. ¶¶ 167-68 (alleging in support of unjust enrichment claim that Duane Morris "received a benefit" that "was obtained at the expense of" Garland); 179, 181 (alleging in support of restitution claim that Duane Morris "obtained a benefit from" Garland and has "been unjustly and unlawfully enriched at the expense of" Garland).  The Court therefore should dismiss the duplicative claim for "restitution."

**D.    Garland Has No Basis To Assert Tax Claims.**

1.    Garland Cannot Sue Over An Alleged Failure To Withhold Taxes.

For her Seventh Cause of Action, Garland alleges Duane Morris "failed to make the required withholdings, including but not limited to FICA, federal and state payroll taxes, and other required federal and state withholdings for employees."  Compl. ¶ 104.  Well-established principles prohibit an alleged employee from suing over a purported employer's tax withholding practices.

The Internal Revenue Code states, "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, *and shall not be liable to any person for the amount of any such payment*."  26 U.S.C. § 3403 (emphasis added).  Numerous courts have held this statute prohibits lawsuits against employers for allegedly failing to withhold taxes.  *See Clinard v. Bishopp's Hardware, Inc.*, 2019 WL 13217081, at *4 (S.D. Ind. Sept. 11, 2019) ("Because [Plaintiff]

1   does not have a private right of action under 26 U.S.C. § 3402 and § 3403, he has failed to state a claim

2   regarding the taxes that were not withheld from his pay."); *Rumfelt v. Jazzie Pools, Inc.*, 2011 WL

3   2144553, at *6 (E.D. Va. May 31, 2011) ("[A]n action for failure to withhold lies with the government,

4   and there is no private right of action permitting employees to sue employers for failing to withhold

5   taxes."); *see also Minichino v. La Rosa*, 2024 WL 3642188, at *3 (N.D. Cal. Aug. 1, 2024) ("Although

6   the federal government can bring an enforcement action if an employer fails to pay those taxes, an

7   employee has no right to enforce that requirement by bringing a lawsuit on her own behalf against the

8   employer."); *Levy v. World Wrestling Ent., Inc.*, 2009 WL 455258, at *2 (D. Conn. Feb. 23, 2009)

9   ("[T]here is no private action to enforce the tax code.").

10        Garland also has no basis to sue Duane Morris for the alleged failure to withhold *state* taxes.   A

11  California statute, nearly identical to the federal provision, similarly prohibits lawsuits over tax

12  withholding practices.  *See* Cal. Unemp. Ins. Code § 13070(a) ("The employer shall be liable for the

13  payment of the tax required to be deducted and withheld under Section 13020, and shall not be liable to

14  any person for the amount of such payment.").  Moreover, the California regulation Garland cites does

15  not even pertain to "required state tax withholdings" from wages.  Compl. ¶ 103; *see also* 18 CCR §

16  18662-1(a)(1)(A) ("Regulation sections 18662-0 through 18662-8 do not cover withholding tax on

17  wages.").  Garland pled no other basis for suing her alleged employer over tax withholdings.  The

18  "fail[ure] to state a cognizable legal theory" warrants dismissal.  *See Caltex*, 824 F.3d at 1159.[4]

19        In sum, federal and state law bar a claim by Garland alleging Duane Morris failed to withhold

20  taxes.  Therefore, the Court should dismiss the Seventh Cause of Action with prejudice.

21             2.   <u>Garland Cannot Sue To Recover Taxes Withheld.</u>

22        In addition to complaining that Duane Morris failed to withhold taxes, Garland appears to seek

23  damages based on amounts Duane Morris *did* withhold.  *See* Compl. ¶¶ 132 (Tenth Cause of Action for

24

25        [4] Garland also fails to allege how Duane Morris's *not* withholding taxes injured her.  *See Groce v. Claudat*, 2010 WL 3339406, at *4 (S.D. Cal. Aug. 24, 2010) (dismissing negligence claim

26  because "[i]t is unclear . . . whether Defendant's failure to withhold taxes caused any harm to Plaintiff").  Garland's vague allegation that she has been "harmed in the form of financial losses,

27  penalties, and interest" does not suffice.  Compl. ¶ 105; *see Groce*, 2010 WL 3339406, at *4 ("[A]lthough Plaintiff has alleged he incurred interest and penalties due to Defendant's failure to

28  withholds [sic] taxes, Plaintiff does not allege the amount of the interest and penalties, when they were incurred, and whether they were incurred due to Defendant's inaction. . . .").

conspiracy alleging "Plaintiff and Class Members paid a tax obligation that was not theirs"); 181 (Seventeenth Cause of Action for restitution alleging Duane Morris "unlawfully shifted employer obligations and taxes to Plaintiff and Class Members").

A claim for taxes withheld fares no better than one alleging a failure to withhold. The Anti-Injunction Act prohibits actions "for the purpose of restraining the assessment or collection of any tax. . . ." 26 U.S.C. § 7421(a). Indeed, the Ninth Circuit "has repeatedly held that an employer is not liable to an employee for complying with its legal duty to withhold tax" and that "suits by employees against employers for tax withheld are 'statutorily barred.'" *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986) (dismissing breach of contract claim based on taxes remitted from plaintiff's income, as it "can be viewed as one to restrain collection (through withholding) of federal income tax") (citations omitted); *see also McFarland v. Bechtel Petroleum, Inc.*, 1985 WL 1630, at *2 (N.D. Cal. Apr. 30, 1985) (similar).[5] Rather, "[t]he Internal Revenue Code is the exclusive vehicle for" such claims and preempts any state-law claim under which Garland seeks to recover these funds. *McMaster v. Coca-Cola Bottling Co. of Cal.*, 392 F. Supp. 2d 1107, 1112 (N.D. Cal. 2005); *see also Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998) ("It is well established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."). Accordingly, the Court should dismiss any claims to the extent they seek recovery of taxes Duane Morris withheld.

**E.   The Breach Of Contract Claim Fails Because Garland Alleges Full Compliance.**

For her Fourth Cause of Action, Garland claims Duane Morris breached an unidentified contract. "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

Garland fails to plead a claim under these standards because she does not allege facts showing Duane Morris ever breached any purported contractual terms. The only purported "contracts" Garland's Complaint identifies are the "written accountings prepared by the Firm, called 'key stats,' and 'Budgeted

---

[5] *See also Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 458 (1985) ("It has consistently been held that employees have no cause of action against employers who, pursuant to directives or regulations of the IRS, withhold wages and pay them over to the government in satisfaction of federal income tax liability"); *Ohio Nat'l Life Assurance Corp. v. Brown*, 2007 WL 4208295, at *5 (C.D. Cal. Nov. 26, 2007) (similar).

Partner Income.'"  Compl. ¶ 80.  She claims Duane Morris breached the contract because she was "not paid the compensation promised by Duane Morris" due to the Firm making deductions from "the agreed-upon compensation . . . ."  *Id*. at ¶¶ 81, 83.

However, Garland's Budgeted Partner Income document specifically identifies the various "Budgeted Monthly Deductions" from Garland's compensation.  *See* Ex. A-C (attached to the Declaration of Charles J. O'Donnell filed concurrently herewith and referenced in Garland's Complaint at ¶ 80); *see United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (on motion to dismiss, court may consider documents referenced in complaint where plaintiff cannot question their authenticity).  Because the purported "contract" makes clear that Duane Morris would make deductions from her compensation, Garland cannot allege a breach based on those deductions.  Simply put, Duane Morris paid Garland exactly as it promised.  Her claim, therefore, fails.  *See Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1138-39 (N.D. Cal. 2006) (defendant "committed no breach of contract because it fully complied with the straightforward terms of the contract"); *Banks v. Dominican Coll.*, 35 Cal. App. 4th 1545, 1553 (1995) (no breach where defendant "complied with the terms of the contract").

**F.    The Fraud Claims Fail Because Garland Cannot Show Reasonable Reliance.**

To state these claims, a plaintiff must allege, *inter alia*, that she "reasonably relied on" the defendant's representations.  *Resolution Tr. Corp. v. Keating*, 186 F. 3d 1110, 1117 (9th Cir. 1999); *Maneely v. Gen. Motors Corp.*, 108 F. 3d 1176, 1181 (9th Cir. 1997).  "[W]hether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts."  *Guido v. Koopman*, 1 Cal. App. 4th 837, 843 (1991).  "In determining whether one can reasonably or justifiably rely on an alleged misrepresentation, the knowledge, education and experience of the person claiming reliance must be considered."  *Id.*

Garland's Ninth and Eleventh claims for Fraud and Negligent Misrepresentation fail because Garland could not have reasonably relied on the misrepresentations she alleges.  The crux of these claims is that Duane Morris deceived Garland by representing she was a partner and thus "responsible for certain Firm obligations," when, in her view, "non-equity partners are not partners, but employees"

///

under California law.  Compl. ¶¶ 111-12.  Therefore, at bottom, she claims Duane Morris deceived her about her *legal rights* as an employee.[6]

Yet Garland simultaneously stresses her sophistication and expertise as an *employment lawyer*. *E.g.*, *id.* ¶¶ 16 ("Ms. Garland is highly skilled in her field . . ."); 17 ("Ms. Garland brought with her to Duane Morris twelve years of employment law expertise"); 21 ("As Special Counsel, Ms. Garland excelled."); 22 ("encyclopedically knowledgeable in employment law").  As a matter of law, a "highly skilled" attorney with "twelve years of employment law expertise" cannot reasonably rely on her law firm's alleged deceit about her rights under California employment law.  *See Guido*, 1 Cal. App. 4th at 843 (finding as a matter of law that "practicing attorney" could not have reasonably relied upon misrepresentations of an agreement's enforceability); *see also Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1196 (N.D. Cal. 2012) (finding as a matter of law that, "in light of [plaintiff's] sophistication as an attorney, [plaintiff] could not have reasonably relied upon" misstatements about an agreement's terms). Garland's failure to plausibly allege reasonable reliance warrants dismissal of the fraud-based claims.

## G.    The Professional Negligence And Breach Of Fiduciary Duty Claims Fail In Part.

For her Twelfth and Thirteenth Causes of Action, Garland alleges Duane Morris breached fiduciary duties and engaged in professional negligence by "failing to use the skill and care" of (1) "*a reasonable law firm*" and (2) "*a reasonably careful CPA*."  Compl. ¶¶ 162–63 (emphasis added); *see also id.* at ¶ 158 (alleging breach of fiduciary duties "by failing to act with the utmost good faith" and "in the best interest" of putative class members).  Garland inadequately pled the former theory.

These claims require Garland to allege a professional or fiduciary relationship.  Thus, to plead a claim for professional negligence, she must allege (1) the *existence of a duty by the professional* to use the skill, prudence, and diligence commonly exercised by other members of that profession; (2) the professional's breach of that duty; (3) a causal connection between that breach and the plaintiff's injury; and (4) actual damages from the breach.  *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821

---

[6] Garland alleges Duane Morris tricked her about the financial implications of being a partner, but not because it *misrepresented* those implications.  In fact, she concedes receiving myriad documents—tax returns, compensation statements, K-1 packets—that *specifically explained* those implications.  Compl. ¶ 111.  Her real complaint is that Duane Morris concealed that she was an employee—not a partner—*under the law*.  Therefore, her fraud claims simply repackage her misclassification theory.

(2011) (emphasis added).  Similarly, "[i]n order to plead a cause of action for breach of fiduciary duty, there must be shown *the existence of a fiduciary relationship*, its breach, and damage proximately caused by that breach.  The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991) (emphasis added).

Garland does not allege a relationship with Duane Morris that gives rise to a professional or fiduciary duty based on its status as a "law firm."  While she cites the California Rules of Professional Conduct governing attorneys, she alleges no facts indicating Duane Morris was *her* attorney.  *See* Compl. ¶¶ 154–56.  "To state the obvious, an attorney's duty to his or her client depends on the existence of an attorney-client relationship.  If that relationship does not exist, the fiduciary duty to a client does not arise." *Fox v. Pollack*, 181 Cal. App. 3d 954, 959 (1986); *see also Env't & Land Mgmt., Inc. v. Hartford Fire Ins. Co.*, 2002 WL 31052636, at *18 (N.D. Cal. Sept. 11, 2002) (same); *Skarbrevik v. Cohen, England & Whitfield*, 231 Cal. App. 3d 692, 710 (1991) (where defendant had "no attorney-client relationship with plaintiff which would give rise to a fiduciary relationship . . . he had no professional duty to plaintiff as a nonclient").

Likewise, "[w]ith certain exceptions, an attorney has no obligation to a non-client for the consequences of professional negligence—that is, the attorney is not burdened with any duty toward non-clients merely because of his or her status as an attorney." *Fox*, 181 Cal. App. 3d at 960.  The narrow "exceptions" are "confined to those situations wherein the non-client was an intended beneficiary of the *attorney's services*, or where it was reasonably foreseeable that negligent service or advice to or on behalf of *the client* could cause harm to others." *Id*. (emphasis added); *see also Skarbrevik*, 231 Cal. App. 3d at 707 (no duty giving rise to negligence claim where "plaintiff had no attorney-client relationship with defendant attorneys, he was not an intended beneficiary of the attorney-client relationship, and certainly had no reason to believe he was intended to be benefitted by that relationship"); *Borissoff v. Taylor & Faust*, 33 Cal. 4th 523, 530 (1990) (similar).

Garland fails to allege a relationship giving rise to a fiduciary or professional duty owed by an attorney.  She has not alleged that Duane Morris's lawyers represented her in an attorney-client relationship.  Nor did she allege an attorney-client relationship between Duane Morris and a third party of which she was the intended beneficiary or where it was foreseeable that negligence toward *that client*

would harm her.  Because Garland has not alleged any attorney duty that could support a professional negligence or fiduciary breach claim, the Court should dismiss her Twelfth and Thirteenth Causes of Action to the extent she bases them on obligations owed by lawyers, as opposed to a "CPA."  *See Balukjian v. Virgin Am., Inc.*, 2018 WL 1242179, at *7 (N.D. Cal. Mar. 9, 2018) (court may dismiss cause of action in part).

### H. The Civil Conspiracy Claim Fails To Allege A Scheme Between Distinct Actors.

Garland bases her Tenth Cause of Action for Conspiracy to Commit Fraud on Duane Morris and "TAG" purportedly "agree[ing] and conspir[ing]" against her.  Compl. ¶¶ 127-28.  However, civil conspiracy requires "a combination of two or more persons. . . ."  *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 n.3 (9th Cir. 1984); *see also Kerr v. Rose*, 216 Cal. App. 3d 1551, 1564 (1990) ("[I]t is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy.") (quotations omitted).  The U.S. Supreme Court has explained why:

> A parent and its wholly owned subsidiary have a complete unity of interest.  Their objectives are common, not disparate; their general corporate actions are guided or determined not by two separate corporate consciousnesses, but one.  They are not unlike a multiple team of horses drawing a vehicle under the control of a single driver.  With or without a formal "agreement," the subsidiary acts for the benefit of the parent, its sole shareholder.

*Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984).  *Copperweld*'s "central premise" is "that a parent and its subsidiary make up a single economic enterprise" and that "such an enterprise cannot conspire with itself."  *Aydin Corp. v. Varian Assocs., Inc.*, 1995 WL 230674, at *2 (N.D. Cal. Apr. 11, 1995).

Numerous decisions are in accord.  *See Ross v. Abbott Vascular Inc.*, 2022 WL 20275185, at *10 (N.D. Cal. Mar. 3, 2022) (finding "corporate subsidiaries . . . cannot conspire with each other"); *Reddy v. Nuance Commc'ns, Inc.*, 2012 WL 692414, at *3 (N.D. Cal. Mar. 2, 2012) (finding conspiracy claim "not plausible" because "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of a corporation's agent are the acts of the corporation"); *Browning v. Yahoo!, Inc.*, 2004 WL 2496183, at *4 (N.D. Cal. Nov. 4, 2004) ("Plaintiff has failed to state a claim for conspiracy, as he has not alleged the formation of such a conspiracy" because "[a] corporation cannot conspire with itself.") (quotations omitted).

1      This principle bars Garland's claim because she has failed to allege that TAG is a separate entity

2 from Duane Morris.  In fact, she repeatedly alleges the opposite.  *E.g.*, Compl. ¶¶ 7 ("TAG is affiliated

3 with Duane Morris and operates on the Firm's platform.  Duane Morris offers TAG's tax advice,

4 analysis, recommendations, and tax return preparation services as a fringe benefit to the Firm's non-

5 equity partners."); 118 (alleging Garland relied upon "the Firm and TAG's reputed expertise as a full-

6 service business law firm with a robust tax-law practice and bolstered by the particularized expertise of

7 TAG"); 150 ("TAG operates as a part of Duane Morris, LLP."); 151 ("Defendant TAG represents to its

8 clients that it is the 'Tax Accounting Group of Duane Morris LLP,' an 'ancillary practice of Duane

9 Morris LLP' and is 'affiliated with' the law firm.").  Because Garland does not—and cannot—allege that

10 TAG and Duane Morris are separate entities, the Court should dismiss her conspiracy claim with

11 prejudice.

## III.  CONCLUSION

13      Garland failed to allege cognizable claims or sufficient facts in support of her First, Fourth,

14 Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and

15 Seventeenth Causes of Action.  Therefore, the Court should grant this Motion and dismiss these claims.

16 To the extent the claims "could not be saved by any amendment," the Court should dismiss them with

17 prejudice.  *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (quotations omitted).

Dated:  August 30, 2024         PROSKAUER ROSE LLP

By:   */s/ Gregory W. Knopp*
    Gregory W. Knopp
    Elise M. Bloom (*pro hac vice* application pending)
    Anthony J. Oncidi
    Philippe A. Lebel
    Attorneys for Defendant Duane Morris LLP