1  Bibianne U. Fell, Esq. (SBN 234194)
2  **FELL LAW, P.C.**
   *Mailing:* 10531 4S Commons Dr., Ste 166-610
3  San Diego, CA 92127
   *Personal Service:* 591 Camino De La Reina #1020
4  San Diego, CA 92108
   Telephone:  (858) 201-3960
5  Facsimile:  (858) 201-3966
   bibi@fellfirm.com
6
7  *Attorneys for Plaintiff and the Proposed Class*

8              **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

10  MEAGAN GARLAND, on behalf of herself      Case No: 4:24-cv-04639-HSG
    and all others similarly situated.
11                                            Judge Haywood S. Gilliam, Jr.
12          Plaintiffs,
                                              **PLAINTIFF MEAGAN GARLAND'S**
13      v.                                    **OPPOSITION TO DEFENDANT DUANE**
                                              **MORRIS, LLP'S MOTION TO TRANSFER**
14                                            **VENUE**
15  DUANE MORRIS, LLP, a business entity;
    TAX ACCOUNTING GROUP, a business          **Date:**       October 3, 2024
16  entity, and DOES 1 through 200, inclusive, **Time:**       2:00 p.m.
                                              **Courtroom:**  2, 4th Floor
17          Defendants.
18
19
20                                            Complaint Filed: July 31, 2024
21
22  / / /
23  / / /
24
25
26
27
28

1

## <u>TABLE OF CONTENTS</u>

2   I.   INTRODUCTION ............................................................................................................ 1

3   II.  SUMMARY OF THE ALLEGATIONS ........................................................................ 1

4   III. LEGAL STANDARD .................................................................................................... 5

5   IV.  ANALYSIS OF VENUE FACTORS AND THE FACTS RELEVANT THERETO ................. 6

6        A.  Plaintiff's Choice of Forum is Entitled to Deference ........................................ 7

7        B.  Convenience of the Witnesses Favor the Northern District ............................. 8

8             i.    Duane Morris Has Not Met its Burden to Identify Key Witnesses and their

9                   Anticipated Testimony ........................................................................ 8

10            ii.   Party-Affiliated Witnesses Are Given Less Weight ............................. 9

11            iii.  There are No Disclosed Nonparty Witnesses .................................... 11

12       C.  Convenience of the Parties is Neutral .............................................................. 12

13       D.  Convenience of the Evidence is a Nonfactor ................................................... 13

14       E.  Public Interest Factors are Nonfactors ............................................................ 13

15            i.    Relative Court Congestion is Given Minimal Weight in the Ninth Circuit ..... 13

16            ii.   No District Has a Stronger Local Interest in Deciding This Controversy ........ 14

17            iii.  This Court is Familiar with the Applicable Laws ............................... 14

18  V.   CONCLUSION ........................................................................................................... 14

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

1

## <u>TABLE OF AUTHORITIES</u>

2

*CASES*

3
*Allstar Marketing Group, LLC v. Your Store Online, LLC*
4
   666 F. Supp.2d 1109 (C.D. Cal. 2009) ................................................9, 11

5
*Applied Elastomerics, Inc. v. Z–Man Fishing Products, Inc.*
   2006 WL 2868971 (N.D. Cal. Oct. 6, 2006) ............................................8, 9

6
7
*Bhatia v. Silvergate Bank*
   2023 WL 4937325 (N.D. Cal. Aug. 1, 2023) ...........................................14

8
*Bohara v. Backus Hosp. Med. Benefit Plan*
9
   390 F. Supp. 2d 957 (C.D. Cal. 2005).....................................................8

10
*Brackett v. Hilton Hotels Corp.*
   619 F. Supp.2d 810 (N.D. Cal. 2008).....................................................13
11

12
*California Writer's Club v. Sonders*
   2011 WL 4595020 (N.D. Cal. Oct. 3, 2011) ...........................................9, 10

13
*Chalmers v. DSSV, Inc.*
14
   2023 WL 6557794 (N.D. Cal. Sep. 22, 2023)..........................................5

15
*Commodity Futures Trading Comm. v. Savage*
16
   611 F.2d 270 (9th Cir. 1979)...............................................................5, 6

17
*Continental Airlines, Inc. v. American Airlines, Inc.*
   805 F. Supp. 1392 (S.D. Tex. 1992).......................................................9
18
19
*Continental Oil Co. v. Atwood & Morrill Co.*
   265 F. Supp. 692 (D. Mont. 1967) .........................................................5

20
*Decker Coal Co. v. Commonwealth Edison Co.*
21
   805 F.2d 834 (9th Cir. 1986)................................................................5, 6, 14

22
*Decter v. MOG Sales, LLC*
   2006 WL 3703368 (E.D. Cal. Dec. 14, 2006)..........................................8
23

24
*Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*
   387 U.S. 556 (1967) .........................................................................8

25
*Devaux-Spitzley v. Prudential Ins. Co. of Am.*
26
   2019 WL 935137 (N.D. Cal. Feb. 26, 2019) ...........................................12

27
*Fireman's Fund Ins. Co. v. National Bank for Cooperatives*
28
   1993 WL 341274 (N.D. Cal. Aug. 27, 1993)...........................................9

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

*Gates Learjet Corp. v. Jensen*
   743 F.2d 1325 (9th Cir. 1984) ...................................................................................13

*Hartfield v. Offshore Oil Services, Inc.*
   2006 WL 2670984 (S.D. Tex. Sept. 14, 2006) ..........................................................9

*Hoffman v. Blaski*
   363 U.S. 335 (1960) ....................................................................................................6

*HollyAnne Corp. v. TFT, Inc.*
   199 F.3d 1304 (Fed. Cir. 1999) ...............................................................................10

*In re Ferrero Litig.*
   768 F. Supp. 2d 1074 (S.D. Cal. 2011) ...................................................................12

*Jones v. GNC Franchising, Inc.*
   211 F.3d 495 (9th Cir. 2000) ..................................................................................5, 7

*Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*
   89 F.R.D. 497 (C.D. Cal. 1981).................................................................................8

*Lou v. Belzberg*
   834 F.2d 730 (9th Cir. 1987) .....................................................................................7

*Martinez v. Knight Transportation, Inc.*
   2017 WL 2722015 (E.D. Cal. June 23, 2017) ...........................................................7

*Miracle v. NYP Holdings, Inc.*
   87 F. Supp.2d 1060 (D HI 2000).............................................................................12

*Mizokami Bros. of Arizona v. Mobay Chemical Corp.*
   660 F.2d 712 (8th Cir. 1981) .....................................................................................5

*Nanografix Corp. v. Pollard Banknote Ltd.*
   2019 WL 2240439 (C.D. Cal. Feb. 28, 2019) .........................................................10

*Pacific Car & Foundry Co. v. Pence*
   403 F.2d 949 (9th Cir. 1968) .....................................................................................7

*Packlane, Inc. v. Best & Flanagan, LLP*
   2023 WL 8458263 (N.D. Cal. Nov. 20, 2023) ...............................................9, 11, 13

*Perez v. Performance Food Grp., Inc.*
   2017 WL 66874 (N.D. Cal. 4 Jan. 6, 2017)...............................................................7

*Qurio Holdings, Inc. v. Dish Network Corporation*
   2015 WL 4148962 (N.D. Cal. July 9, 2015) .............................................................5

iv               4:24-cv-04639-HSG

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

*Ramsey v. Fox News Network, LLC*
    323 F. Supp.2d 1352 (N.D. Ga. 2004) .......................................................................11

*Saleh v. Titan Corp.*
    361 F. Supp. 2d 1152 (S.D. Cal. 2005) ....................................................................11

*Securities Investor Protection Corp. v. Vigman*
    764 F.2d 1309 (9th Cir. 1985) ...................................................................................7

*Senne v. Kansas City Royals Baseball Corp.*
    105 F. Supp. 3d 981 (N.D. Cal. 2015) ........................................................................7

*Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*
    2018 WL 3956430 (N.D. Cal. Aug. 17, 2018) ............................................................13

*Stewart Org., Inc. v. Ricoh Corp.*
    487 U.S. 22 (1988) ......................................................................................................6

*STX, Inc. v. Trik Stik, Inc.*
    708 F. Supp. 1551 (N.D. Cal. 1988) .......................................................................5, 9

*Trend Micro Inc. v. RPost Holdings, Inc.*
    2014 WL 1365491 (N.D. Cal. Apr. 7, 2014).............................................................13

*Van Dusen v. Barrack*
    376 U.S. 612 (1964) .....................................................................................................6

*Ventress v. Japan Airlines*
    486 F.3d 1111 (9th Cir. 2007) ...............................................................................5, 6

*Worldwide Financial LLP v. Kopko*
    2004 WL 771219 (S.D. Ind. Mar. 18, 2004) ..............................................................9

### FEDERAL STATUTES

28 U.S.C. § 1391(b).........................................................................................................6

28 U.S.C. § 1391(d).........................................................................................................6

28 U.S.C. § 1404 ............................................................................................................5

28 U.S.C. § 1404(a) ...............................................................................................5, 6, 13

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     <u>INTRODUCTION</u>**

3      Duane Morris ("Defendant" or the "Firm") asks this Court to transfer venue from one in which

4  the Defendant resides, the law applies, and which is equally convenient to the key witnesses whom

5  Defendant also employs. Duane Morris does so on the basis of party-affiliated, **secret witnesses**,

6  whose names are withheld, and who have failed entirely to explain why the Northern District is an

7  inconvenient forum. Secret witnesses "A" - "G" are identified only as partners in the San Diego and

8  Los Angeles offices. Most partners in the San Diego office are admitted to practice law in the Northern

9  District of California. Duane Morris omits any mention of witnesses actually knowledgeable of the

10  Firmwide practices giving rise to this action.

11      Duane Morris failed to meet its heavy burden to show that the Southern District is more

12  convenient for its unnamed witnesses with undisclosed knowledge and unspecified inconvenience. The

13  Court may stop here.

14      The remaining private and public interest factors do not warrant disturbing Plaintiff's choice:

15  the Northern District is more convenient for key witnesses and Duane Morris, the Northern District is

16  not inconvenient for Plaintiff, and the remaining factors (governing law, ease of access to documentary

17  evidence, and court congestion) are neutral.

18      As such, this Court should deny Duane Morris's motion to transfer venue.

19

**II.     <u>SUMMARY OF THE ALLEGATIONS</u>**

20      In this lawsuit, the named Plaintiff, Meagan Garland, challenges the Firm's intentional,

21  systemic, and Firm-wide employment misclassification of its non-equity partners; failure to reimburse

22  reasonable expenses; as well as its systemic and Firm-wide pay equity discrimination against diverse

23  and female attorneys. The Firm unlawfully classifies its non-equity partners as "partners" and business

24  owners of the Firm for taxation and employment purposes, when in fact, these non-equity partners are

25  employees who misleadingly bear the title of "partner." Duane Morris's equity partners are the only

26  partners of the Firm who have an ownership interest in the Firm. Ms. Garland and other non-equity

27  / / /

28  / / /

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE**

partners are not *bona fide* partners. Plaintiff and the misclassified putative class members do not share in the profits but are required to bear Firm expenses and shoulder Firm tax burdens, including in states in which they do not practice.

The Reimbursement Class includes lawyers and nonlawyers "who incurred reasonable business expenses for home internet use, home office use, necessary office supplies, use of their personal computers/printers/scanners/etc., use of their personal cellular phones and/or landlines, and were not provided reimbursement for those expenses by the Firm." Compl., at ¶47 (July 31, 2024) (ECF No. 1).

With regard to the pay equity claims, Plaintiff and the diverse and female putative class members are systemically and dramatically undercompensated when compared with their white, male, colleagues.

According to the Firm's own documents, the key decisions resulting in both the misclassification and underpayment of its diverse and female attorneys are made by a small handful – the Firm's Partners Board and Executive Committee. There are 47 members of the Partners Board. Three (3) are located in San Diego, five (5) are located in San Francisco, and seventeen (17) are located in Philadelphia. Garland Decl., at ¶¶2, 5, 6, 7. The Partners Board:

- Determines who is on the Partners Board;
- Determines the amount and timing of partner compensation;
- Decides "all matters affecting the partnership";
- "Develops and/or approves Firm-level strategic planning and financial oversight, addresses attorney and staff talent issues, and addresses other Firm-related issues."

Garland Decl., at ¶7, Ex. 1.

The Executive Committee is comprised of eight (8) people, two (2) of whom practice from the Firm's San Fransisco office and none of whom are from San Diego. Garland Decl., at ¶2, 3, Ex. 7. The Executive Committee is responsible for:

- "the executive administration of the firm";
- "the recommendation to the Partners Board of candidates for appointment to the Partners Board";

- "the annual review of the contribution to the firm of the service on the Partners Board of each member of the Partners Board";

- "the recommendation to the Partners Board no less frequently than annually of the manner in which each partner and Active Retired Partner shall be compensated and the amount and timing of such compensation."

Garland Decl., at ¶9, Ex. 2.

Duane Morris has thirteen (13) Practice Group Chairs. Garland Decl., at ¶10, Ex. 3.  Ms. Garland is in the Employment, Labor, Benefits and Immigration practice group. That group is chaired by Eve Klein, a partner in Duane Morris's New York office. *Id*. Practice Group Chairs:

- Review monthly attorney key stats for each practice group attorney;

- "Determine whether adjustments in partner compensation are necessary/appropriate and consult with firm leadership to implement compensation adjustments";

- "Management of Attorney Performance," including, "Regular monitoring of attorney performance," "Review written content of associate/special counsel performance evaluations annually before issuance – edit as appropriate. Provide regular performance feedback to attorneys throughout the year…," "Determine appropriate messaging regarding partnership prospect… - consistent with firm leadership viewpoint," "Annual written performance assessment of each partner…";

- Among other management tasks.

Garland Decl., at ¶11, Ex. 4.

Duane Morris provides tax accounting services to its non-equity partners through the Tax Accounting Group. Garland Decl., at ¶12, Ex. 5. Michael Gillen, a nonlawyer located in Duane Morris's Philadelphia office, is the Director of the Tax Accounting Group ("TAG"). Garland Decl., at ¶13, Ex. 6. There is no one from TAG in San Diego. Garland Decl., at ¶14. TAG provided Plaintiff with tax advice and prepared Plaintiff's tax returns reflecting inconsistent information, for example, that **Plaintiff has 0% share of the profits or losses, but contributed $22,800 to Firm Capital and was allocated $36,435 as the partner's share of the partnership's business income (a distribution Plaintiff never received)**. Garland Decl., at ¶15.

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S MOTION TO TRANSFER VENUE

1    Rather than list the witnesses (primarily in Philadelphia) who made the policy and

2    compensation decisions that were applied to Plaintiff and all class members, Duane Morris represents

3    to this Court only unnamed secret witnesses (Partners A-G) and "[v]arious partners, associates, legal

4    assistants, and support staff…" who will testify as to irrelevant and erroneous performance issues.[1]

5    Def.'s Mot. to Transfer Venue, at 5 (Aug. 29, 2024) (ECF No. 10). Duane Morris identifies no

6    witnesses who will speak to the core issues of this case: nonequity partner classification, nonequity

7    partner compensation, nonequity partner participation in Firm decision-making, nonequity partner tax

8    treatment, deductions applied to nonequity partner pay for capital expenses, Firm taxes allocated to

9    nonequity partners in various states, political contributions, and the identities of those who control the

10   business decision-making of the Firm. The Firm's misclassification and resulting deductions from non-

11   equity partner's pay, Ms. Garland's 2022 K-1 statement and earnings statement, are key issues in this

12   case. Garland Decl., at ¶16, Ex. 17. Duane Morris names no witnesses on the key issues because they

13   are members of the Executive Committee, Partners Board, and TAG, and not the secret San Diego and

14   Los Angeles partners. Further, Duane Morris identifies no witnesses who will testify to the pay

15   disparity between its White, male attorneys and its diverse and female attorneys, and no witnesses who

16   will testify to Duane Morris's efforts to achieve pay equity or conduct a pay equity audit (or lack

17   thereof).

18   Instead, Duane Morris would lead this Court to believe that its entire defense will be a smear

19   campaign that illegally relies on Ms. Garland's medical leave as a justification for failing to pay wages

20   for the years that precede it.[2]

21

---

22   [1] Mr. Cramp's representations about the substance of the secret witnesses' testimony are surprising
23   given that the Firm produced Ms. Garland's personnel file on December 22, 2023. The file did not
     contain any of the negative remarks regarding Ms. Garland's performance to which its anonymous
24   "witnesses" alluded. Schenk Decl., at ¶7. Defendant's motion also ignores the allegations that Ms.
     Garland came into the firm before any alleged performance issues, and was disproportionately
25   underpaid when compared with her White, male colleagues.

26   [2] The Firm's gratuitous mention of Ms. Garland's "alleged disabilities," Def.'s Mot. to Transfer Venue,
     at 5 (Aug. 29, 2024) (ECF No. 10), is particularly egregious, given that (1) it violates Ms. Garland's
27   California Constitutional right to privacy; (2) Ms. Garland brought no claims that make her medical
     leave relevant; and (3) Duane Morris filed a motion for to seal documents to protect its own interests
28   but in requesting the stipulation, made no mention that it intended to file Ms. Garland's private health
     information in the public record. Schenk Decl., at ¶8, Ex. 18.

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

1    If Duane Morris does, in fact, intend to call witnesses knowledgeable regarding the core issues

2    of this case, it must provide full and fair disclosure to this Court of the critical witnesses relevant to

3    this matter, not only a small, self-serving subset.

4    **III.    LEGAL STANDARD**

5    From this Court's (Hon. Haywood S. Gilliam, Jr.) recent ruling in *Chalmers v. DSSV, Inc.,* No.

6    22-CV-08863-HSG, 2023 WL 6557794, at *2 (N.D. Cal. Sep. 22, 2023):

7
> Even where a plaintiff's chosen venue is proper, a defendant may petition
> the court for transfer to a different district under 28 U.S.C. §1404. 'For the
8
> convenience of the parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division
9
> where it might have been brought…' 28 U.S.C. §1404(a). **The moving**
> **party bears the burden of showing that the transferee district is a**
10
> **'more appropriate forum.'** *See Jones v. GNC Franchising, Inc*., 211
> F.3d 495, 499 (9th Cir. 2000). And the district court has broad discretion
11
> in deciding whether to transfer an action. *See Ventress v. Japan Airlines*,
> 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to
12
> change venue is reviewed for abuse of discretion. Weighing of the factors
> for and against transfer involves subtle considerations and is best left to
13
> the discretion of the trial judge.") (citations and quotations omitted).
14

15   *Chalmers v. DSSV, Inc.,* No. 22-cv-08863-HSG (N.D. Cal. Sep. 22, 2023) (emphasis added).

16   "It is the moving party's burden 'to show that when these factors are applied, the balance of

17   convenience clearly favors transfer.'" *Qurio Holdings, Inc. v. Dish Network Corporation*, No. 15-CV-

18   00930-HSG, 2015 WL 4148962, at *1 (N.D. Cal. July 9, 2015). The defendant must make a **strong**

19   **showing** of inconvenience to warrant upsetting the plaintiff's choice of forum. *Decker Coal Co. v.*

20   *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Mizokami Bros. of Arizona v.*

21   *Mobay Chemical Corp.,* 660 F.2d 712, 718 (8th Cir. 1981)); *Continental Oil Co. v. Atwood & Morrill*

22   *Co.,* 265 F. Supp. 692, 699 (D. Mont. 1967). "In seeking to transfer a case to a different district, a

23   defendant bears a **heavy burden of proof** to justify the necessity of the transfer." *Commodity Futures*

24   *Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (emphasis added); *STX, Inc. v. Trik Stik,*

25   *Inc.*, 708 F. Supp. 1551, 1555–56 (N.D. Cal. 1988). "It is often said that the plaintiff may not, by

26   choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him

27   / / /

28   / / /

FELL LAW, PC

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

1   expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is

2   strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Decker*

3   *Coal Co.,* 805 F.2d at 842.

4   **IV.     ANALYSIS OF VENUE FACTORS AND THE FACTS RELEVANT THERETO**

5          "Weighing of the factors for and against transfer involves subtle considerations and is best left

6   to the discretion of the trial judge." *Chalmers*, 2023 WL 6557794, at *2 (citing *Ventress v. Japan*

7   *Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007)); *see also Commodity Futures Trading Comm'n v.*

8   *Savage,* 611 F.2d 270, 279 (9th Cir. 1979). "In a typical case, the Court engages in a two-step analysis

9   in deciding a motion to transfer under 28 U.S.C. § 1404(a)." *Chalmers*, 2023 WL 6557794, at *2.

10  "First, it determines 'whether the transferee district was one in which the action "might have been

11  brought" by the plaintiff.'" *Id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) (quoting 28

12  U.S.C. § 1404(a)). "If it is, the Court engages in an 'individualized, case-by-case consideration of

13  convenience and fairness.' *Chalmers*, 2023 WL 6557794, at *2 (citing *Stewart Org., Inc. v. Ricoh*

14  *Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

15         It is undisputed that Plaintiff filed this action in a proper venue, as Duane Morris resides in the

16  Northern District. 28 U.S.C. § 1391(b) (venue is proper where "any defendant resides"); 28 U.S.C. §

17  1391(d) ("…in a State which has more than one judicial district and which a defendant that is a

18  corporation is subject to personal jurisdiction at the time an action is commenced, such corporation

19  shall be deemed to reside in any district in that State within which its contacts would be sufficient to

20  subject it to personal jurisdiction of that district were a separate State..."). Duane Morris maintains

21  three physical offices in California, with its largest by employee count being its San Francisco office

22  (38 partners and 16 associates). Los Angeles (15 partners and 10 associates) and San Diego (20

23  partners and 10 associates) are both considerably smaller. Schenk Decl., at ¶2, Exs. 8-9.

24         Having been initially filed in a proper venue, this Court exercises its discretion in evaluating

25  the convenience and fairness of the transfer request. *Chalmers*, 2023 WL 6557794, at *2.

26         "In this district, courts consider a range of private interest factors (such as the plaintiff's choice

27  of forum and the convenience of the parties, witnesses, and evidence) and public interest factors (such

28  as the court's familiarity of each forum with the applicable law, the feasibility of consolidation with

1    other claims, any local interest in the controversy, and the cost differential of litigation in the two

2    forums)." *Chalmers*, 2023 WL 6557794, at *2; *see, e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d

3    495, 499 (9th Cir. 2000); *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL

4    66874, at *2 (N.D. Cal. 4 Jan. 6, 2017).

5         Duane Morris has not met its heavy burden as to any of the factors.

6    **A.   Plaintiff's Choice of Forum is Entitled to Deference**

7         "[U]nder Ninth Circuit law, a plaintiff's choice of forum is accorded substantial weight in

8    proceedings under this section, and courts generally will not transfer an action unless the

9    'convenience' and 'justice' factors strongly favor venue elsewhere." *Securities Investor Protection*

10   *Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Although it is true that "when an

11   individual…represents a class, the named plaintiff's choice of forum is given less weight," this does

12   not mean that plaintiff's choice of forum is accorded zero deference. *Lou v. Belzberg*, 834 F.2d 730,

13   739 (9th Cir. 1987). Rather, the weight accorded to plaintiff's choice of forum in a class action depends

14   on the parties' contacts with the chosen venue. *Id.* (citing *Pacific Car & Foundry Co. v. Pence*, 403

15   F.2d 949, 954 (9th Cir. 1968)). These contacts are evaluated by factors such as whether: 1) plaintiff

16   and class members reside in the district; 2) plaintiff's claims arise within the district; and 3) plaintiff's

17   claims are based on the state law of the chosen district. *Martinez v. Knight Transportation, Inc.*, No.

18   1:16-cv-01730-DAD-SKO, 2017 WL 2722015, at *4 (E.D. Cal. June 23, 2017); *see also Senne v.*

19   *Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1059 (N.D. Cal. 2015) (affording plaintiffs,

20   in the class action context, "some deference" where a significant portion of the named plaintiffs

21   resided in California, numerous claims were asserted under California law on behalf of a California

22   subclass, and there was no evidence that plaintiffs engaged in forum shopping).

23        Here, while the named Plaintiff does not reside in the district, Duane Morris's large San

24   Francisco office houses more putative class members than the other California offices combined.

25   Though Duane Morris does not publicly distinguish its equity from non-equity partners, the Firm's San

26   Francisco office has thirty-eight (38) partners currently listed on its website, which is greater than the

27   number of partners listed on its Los Angeles (15) and San Diego (20) offices combined.

28   / / /

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

Schenk Decl., at ¶2, Exs. 8-9. Further, the majority of putative class members reside out of state, where travel to San Francisco, if necessary, is easier than travel to San Diego. Cramp Decl., at ¶3 (198 of the approximately 240 nonequity partners reside outside of California).

Second, Plaintiff's claims arise within the district. The decision to misclassify the Firm's non-equity partners comes from members of the Firm's Executive Committee and Partners Board. At least two partners in the Firm's San Francisco office occupy positions on both the Firm's Executive Committee and Partners Board (Dominica C. Anderson and Meagan E. Leary), and three others sit exclusively on the Partners Board (Stephen H. Sutro, Jessica E. La Londe, and Tracy Gallegos). Garland Decl., at ¶¶2, 5. There is no one from San Diego on the Firm's Executive Committee. Garland Decl., at ¶3. Only three partners from the San Diego office sit on the Partners Board (Courtney L. Baird, Edward Cramp, and Anthony J. Guida, Jr.), whereas five partners from San Francisco sit on the Partners Board. Garland Decl., at ¶2, 5, 6; Ex 3.

For the foregoing reasons, this Court should accord appropriate deference to Plaintiff's choice of forum.

**B.  Convenience of the Witnesses Favor the Northern District**

The convenience of witnesses is often the most important factor in determining whether a transfer under section 1404 is appropriate. *See, e.g., Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (1967). "The convenience of the witnesses is said to be the most important factor in considering a transfer motion." *Decter v. MOG Sales, LLC*, No. CV 06–1738 MCE GGH, 2006 WL 3703368, at *2 (E.D. Cal. Dec. 14, 2006) (citing *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)); *Applied Elastomerics, Inc. v. Z–Man Fishing Products, Inc.*, No. C 06–2469 CW, 2006 WL 2868971, at *4 (N.D. Cal. Oct. 6, 2006).

**i.  Duane Morris Has Not Met its Burden to Identify Key Witnesses and their Anticipated Testimony**

"If the [requested] transfer is for the convenience of witnesses, [the] defendant must name the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the reasons why the present forum would present hardship to them." *Bohara v. Backus Hosp. Med. Benefit Plan*,

FELL LAW, PC

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE

1   390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *see also Fireman's Fund Ins. Co. v. National Bank for*
2   *Cooperatives*, No. C 92–2667 BAC, 1993 WL 341274, at *4 (N.D. Cal. Aug. 27, 1993) ("The movant
3   is obligated to clearly specify the **key witnesses** to be called and make at least a generalized statement
4   of what their testimony would have included") (emphasis added). This Court (Hon. Haywood S.
5   Gilliam, Jr.) has noted that **it is "critical" for a Defendant seeking to transfer venue to "identify**
6   **attorney witnesses by name" and their "centrality to the case**." *Packlane, Inc. v. Best & Flanagan,*
7   *LLP*, No. 23-CV-03496-HSG, 2023 WL 8458263, at *3 (N.D. Cal. Nov. 20, 2023) (emphasis added).

8        Duane Morris has not met its heavy burden; therefore, the Court may stop here. Duane Morris
9   identifies no witnesses by name, does not explain how the secret witnesses are "key" witnesses given
10   the claims alleged and the Firmwide policies from which they derive, and makes no effort to explain
11   the reasons the Northern District would present a hardship to them, especially given the statistical
12   likelihood that these witnesses are licensed to practice in this district. As such this Court cannot discern
13   whether these purported witnesses exist, whether they are all separate individuals as Defendant claims,
14   or whether these purported individuals are even aware of, agree with, or can truthfully testify to, the
15   claims made on their behalf. This fact alone is fatal to Duane Morris's motion.

16              **ii.  Party-Affiliated Witnesses are Given Less Weight**

17        Courts accord less weight to the inconvenience of party-affiliated witnesses, as they can be
18   compelled to testify regardless of the forum in which the lawsuit is ultimately litigated. *Allstar*
19   *Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp.2d 1109, 1132–33 (C.D. Cal. 2009);
20   *California Writer's Club v. Sonders*, No. C-11-02566 JCS, 2011 WL 4595020, at *13 (N.D. Cal. Oct.
21   3, 2011); *Applied Elastomerics, Inc.*, 2006 WL 2868971, at *4 (citing *STX, Inc.*, 708 F. Supp. at 1556
22   (discounting the inconvenience to witnesses who were employees of one of the parties because they
23   could be compelled to testify); *Hartfield v. Offshore Oil Services, Inc.*, No. CV G–06–275, 2006 WL
24   2670984, *6 (S.D. Tex. Sept. 14, 2006) ("The Court reiterates that the convenience of key witnesses
25   who are employees of the defendant requesting transfer is 'entitled to less weight because that party
26   will be able to compel their testimony at trial'") (quoting *Continental Airlines, Inc. v. American*
27   *Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992)); *Worldwide Financial LLP v. Kopko*, No. CV
28   03–0428 DFH, 2004 WL 771219, *3 (S.D. Ind. Mar. 18, 2004) ("The courts ordinarily assume that the

1   parties will be sufficiently motivated to have their own partners or employees or other allies appear for

2   trial wherever it might take place"); *Nanografix Corp. v. Pollard Banknote Ltd.*, No. CV 18-6735-

3   GW(RAOX), 2019 WL 2240439, at *6 (C.D. Cal. Feb. 28, 2019) ("[C]ourts discount the

4   inconvenience to parties' employee witnesses in analyzing transfer because the Court can compel those

5   witnesses to testify") (citing *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307, n.2 (Fed. Cir. 1999)).

6          All party-affiliated witnesses cited by Defendant are irrelevant to the centrality of this case,

7   primarily an employment misclassification class action. The Firm did not disclose where any party-

8   related witnesses reside, nor did it provide any relevant context for their anticipated testimony as it

9   relates to the misclassification causes of action. At most, Defendant provided a brief statement

10  describing irrelevant and unrelated issues to which their party-affiliated witnesses will testify. "Brief

11  statements describing the issues to which these individuals will testify do not provide a sufficient basis

12  on which to evaluate the importance of any of these individual's testimony." *California Writer's Club*,

13  2011 WL 4595020, at *13.

14         The Firm's eight-person Executive Committee decide, craft, and implement all compensation

15  policies and parameters. Garland Decl., at ¶2.  No equity partners, or any other employee, in Duane

16  Morris's San Diego office sit on the Firm's Executive Committee. Garland Decl., at ¶3.  At least two

17  (2) equity partners in the Firm's San Francisco office occupy positions on the Firm's Executive

18  Committee (Meagan E. Leary, and Dominica C. Anderson). Garland Decl., at ¶2.  The overwhelming

19  majority of the Firm's leadership is based at its principal place of business and headquarters in

20  Philadelphia, with three (3) partners in that office serving on the Firm's Executive Committee (Sharon

21  L. Caffrey (Co-Chair of Trial Practice Group), Thomas G. Servodidio (Vice Chairman of the Firm),

22  and Matthew Taylor (Chairman and CEO)). Garland Decl., at ¶2. Other party-affiliated witnesses who

23  will need to account for the Firm's compensation schemes include: Gary Sigall (Controller,

24  Philadelphia); Daniel Sheeran (CFO, Philadelphia); Charles O'Donnell (COO, Philadelphia); Peggy

25  Simoncini Pasquay (Assistant Director of Legal Recruitment and Relations, Philadelphia); Eve Klein

26  (Chair of Duane Morris's Employment, Labor, Benefits and Immigration Practice Group, New York);

27  / / /

28  / / /

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S MOTION TO TRANSFER VENUE**

1  Chanel N. Bell (Director of HR for the Firm, Philadelphia); Michael A. Gillen (Director of Co-

2  Defendants Tax Accounting Group ("TAG"), Philadelphia); and Amee R. McKim (Director of Legal

3  Recruitment and Development, Philadelphia). Garland Decl., at ¶4.

4       Both venues require a plane flight for Defendant's Philadelphia based, party-affiliated

5  witnesses, and there are more direct flights from Philadelphia to San Francisco (five) than Philadelphia

6  to San Diego (three). Schenk Decl., at ¶3, Ex. 10.

7       Evidencing the relative ease with which attorneys travel both within the state and from out-of-

8  state, Duane Morris retained Proskauer Rose LLP, who's *pro hac vice* application for New York

9  attorney, Elise M. Bloom, was accepted by this Court on September 11, 2024. Schenk Decl., at ¶4,

10  Exs. 11-13.

11            **iii.  There are No Disclosed Nonparty Witnesses**

12       For purposes of a motion to transfer venue involving non-party attorney witnesses, this Court,

13  the Honorable Haywood S. Gilliam, Jr., has held that "[c]onvenience to non-party witnesses is a

14  significant factor." *Packlane, Inc.,* 2023 WL 8458263, at *3. However, "in determining whether this

15  factor weighs in favor of transfer, the court must consider not simply how many witnesses each side

16  has and the location of each, but, rather, the court must consider the importance of the witnesses."

17  *Packlane, Inc.*, 2023 WL 8458263, at *3 (quoting *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160–61

18  (S.D. Cal. 2005)); *accord Ramsey v. Fox News Network, LLC*, 323 F. Supp.2d 1352, 1356–57 (N.D.

19  Ga. 2004). Speculation regarding the necessity of unspecified individuals' testimony is insufficient.

20  *Saleh*, 361 F. Supp. 2d at 1166.

21       Here, Defendant failed to identify even one non-party witness who would be inconvenienced

22  by Plaintiff's chosen venue. The Firm cited Ms. Garland's "doctor" and "tax accountants" without

23  identifying them specifically, relevance of their testimony, and/or why the present forum would

24  present hardship to them. Further, co-Defendant TAG, a Duanne Morris "affiliate," has served as Ms.

25  Garland's tax accountant while employed as a non-equity partner for the Firm. Having failed to

26  identify the relevance of any non-party witnesses and/or why the Northern District would present

27  hardship to them, this factor should "add[] little to the court's analysis," as Defendant "ha[s] not

28  demonstrated that the factor favors transfer." *Allstar Marketing Group*, 666 F. Supp.2d at 1133.

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
MOTION TO TRANSFER VENUE**

### C.  Convenience of the Parties is Neutral

"[W]here plaintiff is a private person and defendant is a large corporation, defendant's assertions regarding monetary expense and difficulty in litigating in a distant forum are likely to be disregarded. *Miracle v. NYP Holdings, Inc.*, 87 F. Supp.2d 1060, 1073 (D. HI. 2000). "Corporations are better-equipped than individuals to absorb increased litigation costs." *Devaux-Spitzley v. Prudential Ins. Co. of Am.*, No. 18-CV-04436-JST, 2019 WL 935137, at *4 (N.D. Cal. Feb. 26, 2019) (citing *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011)).

Here, Defendant is a large, global law firm with twenty-three (23) physical offices around the country. The overwhelming majority of the Firm's leadership is based at its principal place of business and headquarters in Philadelphia. Garland Decl., at ¶¶2-4.  Both forums require a plane flight for Defendant's Philadelphia based, party-affiliated witnesses, and there are more direct flights from Philadelphia to San Francisco (five) than there are Philadelphia to San Diego (three). Schenk Decl., at ¶3, Ex. 10.

Edward Cramp, Defendant's only declarant, cannot claim travelling to the Northern District would be any substantial inconvenience, as he is admitted to practice in the Northern District of California. Schenk Decl., at ¶5, Ex. 14. Second, Mr. Cramp travels to appear in courts around the country on behalf of clients, including, but not limited over the past ten years to: the Northern District of Alabama; the United States District Court, District of Columbia; District of Oregon; and the Eastern District of Pennsylvania. Schenk Decl., at ¶6, Ex. 16.

Further, the majority of Duane Morris Partners in the San Diego office (twelve of twenty) are admitted to practice in the Northern District. Schenk Decl., at ¶5, Exs. 8-9, 14-15. Five such partners (Michelle Hon Donovan, D. Stuart Barrow, Terrance J. Evans, Sandra A. Jeskie, and Lisa Spiegel) advertise their affiliation with the Firm's San Francisco/Palo Alto/Silicon Valley offices and/or their services in the San Francisco Bay Area. Schenk Decl., at ¶5, Exs. 8-9, 15. Because of Duane Morris's failure to disclose the names of its secret witnesses, the Court cannot assess whether they exist, much less any inconvenience to them.

As to Plaintiff, although she resides in San Diego, travelling within state to testify at trial is not a significant inconvenience. Garland Decl., at ¶17.

**D.  Convenience of the Evidence is a Nonfactor**

There is "no reason to believe that documentary evidence is more accessible in one state or one district over another. This factor is neutral." *Packlane*, 2023 WL 8458263, at *6; s*ee also Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, 2018 WL 3956430, at *8 (N.D. Cal. Aug. 17, 2018). Both Plaintiff and Defendant agree this factor is neutral.

**E.  Public Interest Factors are Nonfactors**

Public interest factors include "degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty." *Qurio*, 2015 WL 4148962, at *2 (quoting *Brackett v. Hilton Hotels Corp.*, 619 F. Supp.2d 810, 821 (N.D. Cal. 2008)). As with the private interest factors, the moving party bears the burden "to show that when these factors are applied, the balance of convenience clearly favors transfer." *Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-CV-05227-WHO, 2014 WL 1365491, at *5 (N.D. Cal. Apr. 7, 2014).

**i.  Relative Court Congestion is Given Minimal Weight in the Ninth Circuit**

Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a §1404(a) transfer. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984) (forum non conveniens case), cert. denied, 471 U.S. 1066 (1985). Further, this Court (the Honorable Haywood S. Gilliam, Jr.) has previously noted the potential "unintended consequences" of introducing median time to filing and "court congestion" statistics in this Court's public interest factor analysis. *Chalmer*s, 2023 WL 6557794, at *4, fn. 3. As part of this same holding, this Court stated that it was "somewhat skeptical of the ability of the Court or the parties to accurately and meaningfully capture these metrics as of today, which is the only timeframe that matters for this purpose. As such, the Court opts not to consider – or to take judicial notice of – the congestion statistics provided by the parties." *Id*.

Accordingly, this Court should not consider Defendant's attempt to introduce court congestion statistics as a relevant public interest factor.

/ / /

/ / /

1

### ii.   No District Has a Stronger Local Interest in Deciding This Controversy

2        This Court (the Honorable Haywood S. Gilliam, Jr.) has held that "[t]his factor takes into

3    account the current and transferee forums' interests 'in having localized controversies decided at

4    home.'" *Qurio*, 2015 WL 4148962, at *6 (quoting *Decker Coal Co,* 805 F.2d at 843). "However,

5    courts in this district have indicated that forums where the operative facts occurred also have an

6    interest in deciding a case." *Id.*

7        Here, the operative facts occurred across the country and equally in the Northern and Southern

8    Districts. Duane Morris's Executive Committee and Partners Board make all of the Firm's major

9    compensation decisions and policies. Together, the Executive Committee and Partners Board designed

10   and implemented the compensation scheme at issue nationwide. Duane Morris's non-equity partners

11   were subjected to the compensation scheme equally in both the Northern and Southern District, and

12   more putative class members reside in the Northern District. Thus, this factor is, at best, neutral.

13

### iii.   This Court is Familiar with the Applicable Laws

14       "[T]he familiarity of each forum with the applicable law is neutral because both forums are

15   federal courts located in California equally familiar with California and federal law." *Bhatia v.*

16   *Silvergate Bank*, 2023 WL 4937325, at *8 (N.D. Cal. Aug. 1, 2023). Both Plaintiff and Defendant

17   agree that this factor is neutral.

18   **V.   <u>CONCLUSION</u>**

19       Duane Morris failed to meet its burden to show the most important factor that this Court must

20   weigh – that the Northern District is an inconvenient forum. In fact, the Northern District is as

21   convenient, if not more convenient, since the key witnesses to the unlawful policies giving rise to this

22   lawsuit are located primarily on the east coast. The other venue factors are neutral. Defendant has not

23   met its "heavy burden" to show that upsetting Plaintiff's choice of venue is warranted. As such,

24   Defendant's motion should be denied.

25

26   DATED:   September 12, 2024                    **FELL LAW, PC**

27                                                 */s/Bibianne U. Fell*
                                                   Bibianne U. Fell
28                                                 **Attorneys for Plaintiff**

FELL LAW, PC

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S MOTION TO TRANSFER VENUE**