Bibianne U. Fell, Esq. (SBN 234194)
Marlee A. Horwitz, Esq. (SBN 340729)
Benjamin S. Schenk, Esq. (SBN 337156)
**FELL LAW, P.C.**
*Mailing:* 10531 4S Commons Dr., Ste 166-610
San Diego, CA 92127
*Personal Service:* 591 Camino De La Reina #1020
San Diego, CA 92108
Telephone:  (858) 201-3960
Facsimile:  (858) 201-3966
bibi@fellfirm.com
marlee@fellfirm.com
ben@fellfirm.com

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MEAGAN GARLAND, on behalf of herself and all others similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>DUANE MORRIS, LLP, a business entity; TAX ACCOUNTING GROUP, a business entity, and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No: 4:24-cv-04639-HSG<br><br>Judge Haywood S. Gilliam, Jr.<br><br>**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**Date:** October 24, 2024<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2, 4th Floor<br><br>Complaint Filed: July 31, 2024 |

/ / /

/ / /

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

1

## **TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................... 1

II.     LEGAL STANDARD .............................................................................................. 2

III.    THE MOTION TO DISMISS SHOULD BE DENIED ........................................... 3

    A.  The Labor Code Codified Common Law Rights and Did Not Create New Rights ......... 3

        i.    Unlawful Deductions ................................................................................3

        ii.   Failure to Reimburse Necessary Expenditures ....................................5

    B.  Remedies of Law and Equity are Permissible at the Pleading Stage ...........................5

    C.  Plaintiff Properly Alleges Declaratory Judgment, Accounting, and Restitution..............7

        i.    Declaratory Judgment is a Valid Claim When Brought with Other Causes of Action ...............................................................................................7

        ii.   Accounting is a Valid Cause of Action. ............................................8

        iii.  Restitution is a Valid Cause of Action. ...........................................8

    D.  Ms. Garland's Seventh Cause of Action is Not a Tax Refund Claim; it Alleges Money Damages from Fraud, Negligence, Negligence Per Se, and Unjust Enrichment .............9

    E.  Garland Adequately Plead a Breach of Contract Cause of Action................................11

    F.  The "Reasonableness" of Ms. Garland's Reliance on Duane Morris' Fraud and Negligent Misrepresentation is a Question of Fact ..........................................................12

    G.  Professional Negligence and Breach of Fiduciary Duty .................................................14

        i.    Duane Morris' Ethical and Fiduciary Duties Extend to TAG ..........................14

            1.   TAG is Controlled by Duane Morris.......................................................15

            2.   Duane Morris Did Not Take Reasonable Measures to Ensure Non-entity Partners Knew the Lawyer-Client Relationship Does Not Exist ............15

        ii.   Duane Morris and Ms. Garland Entered into an Express Attorney-Client Relationship.................................................................................16

        iii.  Duane Morris and Ms. Garland Entered into an Implied Attorney-Client Relationship. ................................................................................16

        iv.   Even if No Attorney-Client Relationship was Formed, Duane Morris Owed Ms. Garland a Fiduciary Duty as Her Employer Giving Tax Advice and Preparing Taxes. .......................................................................................17

    H.  Civil Conspiracy .............................................................................................................18

IV.     CONCLUSION ....................................................................................................... 20

FELL LAW, PC

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

## TABLE OF AUTHORITIES

*CASES*

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
     7 Cal.4th 503 (1994).................................................................................................19

*April Enterprises, Inc. v. KTTV*
     147 Cal. App. 3d 805 (2nd Dist. 1983) .....................................................................18

*Ashcroft v. Iqbal*
      566 U.S. 662 (2009) ...................................................................................................2

*Astiana v. Hain Celestial Grp.*
     783 F.3d 753 (9th Cir. 2015) .......................................................................................8

*Aydin Corp. v. Varian Assocs., Inc.*
     1995 WL 230674 (N.D. Cal. Apr. 11, 1995) ............................................................19

*Beery v. State Bar*
     43 Cal.3d 802 (1987) .................................................................................................17

*Bell Atlantic v. Twombly*
      550 U.S. 544 (2007) ...................................................................................................2

*Brea v. McGlashan*
     3 Cal. App. 2d 454 (1934) .....................................................................................8, 17

*Brewer v. Premier Golf Props.*
     168 Cal. App 4th 1243 (4th Dist. 2008) ......................................................................3

*Camenisch v. Superior Court*
     44 Cal. App. 4th 1689) .............................................................................................. 14

*Caputo v. Prada USA Corp.*
     *2014 WL 12567143)* ...................................................................................................4

*City of Reno v. Netflix, Inc.*
     52 F.4th 874 (9th Cir. 2022) ........................................................................................7

*Colucci v. ZonePerfect Nutrition Co.*
     2012 WL 6737800 (N.D. Cal. Dec. 28, 2012) ............................................................6

*Copperweld Corp. v. Independence Tube Corp.*
      467 U.S. 752 (1984) .................................................................................................19

*Cortez v. Skol*
     776 F.3d 1046 (9th Cir. 2015) .....................................................................................9

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*Didier v. G & C Auto Body, Inc.*
    2017 WL 4863774 .................................................................................9

*Doctors' Co. v. Superior Court*
    49 Cal.3d 39 (1989) ...........................................................................19

*Flatt v. Sup. Ct.*
    9 Cal.4th 275, 281, fn.1 ...................................................................16

*Freeman v. Indochino Apparel, Inc.*
    443 F. Supp. 3d 1107(N.D. Cal. 2020) ..........................................5, 6

*GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*
    83 Cal. App. 4th 409 (4th Dist. 2000) ............................................17

*Gill v. Johnson*
    125 Cal. App. 296 (4th Dist. 1932) .................................................17

*Goldstein v. General Motors LLC*
    517 F. Supp.3d 1076 (S.D. Cal. 2021) ..............................................6

*Gompper v. VISX, Inc.*
    298 F.3d 893 (9th Cir. 2002) .............................................................2

*Gorman v. Russell*
    14 Cal.531 (1860) .............................................................................17

*Guido v. Koopman*
    1 Cal. App. 4th. 837 (1st Dist. 1991) ..............................................12

*Hefferan v. Freebairn*
    34 Cal.2d 715 (1950) ........................................................................12

*Hudgins v. Neiman Marcus Group, Inc.*
    34 Cal. App. 4th 1109.....................................................................3, 4

*In Matter of Heller Ehrman LLP*
    830 F.3d 964 (9th Cir. 2016) ...........................................................17

*International Engine Parts, Inc. v. Feddersen & Co.*
    9 Cal.4th 606 (1995).........................................................................9

*Jain v. Unilodgers, Inc.*
    2022 WL 2068219 (N.D. 2022) .........................................................7

*Katz-Lacabe v. Oracle America, Inc.*
    2023 WL 6466195 (N.D. Cal. Oct. 3, 2023) .....................................7

FELL LAW, PC

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*Kerr's Catering Service v. Department of Indus. Relations*
    57 Cal. 2d 319 (1962) ......................................................................................................4

*Knievel v. ESPN*
    393 F.3d 1068 (9th Cir. 2005) ..........................................................................................2

*Kritzer v. Lancaster*
    96 Cal. App. 2d 1(1950)...................................................................................................8

*Leghorn vs. Wells Fargo Bank, NA*
    950 F.Sup. 2d 1093 (N.D. Cal. June 19, 2013) ...............................................................5

*Lingsch v. Savage*
    213 Cal. App. 2d 729 (1st Dist. 1963) ...........................................................................17

*Love and War, LLC v. Wild Bunch A.G.*
    2018 WL 7501286 (C.D. Cal. Dec. 21, 2018) ..................................................................8

*Lusson v. Apple, Inc.*
    2016 WL 10932723 (N.D. Cal. June 20, 2016) ................................................................8

*Lynch v. Cruttenden & Co.*
    18 Cal. App. 4th 802 (2nd Dist. 1993) ...........................................................................17

*In Matter of Heller Ehrman LLP*
    830 F.3d 964 (9th Cir. 2016) ..........................................................................................17

*Michelson v. Hamada*
    29 Cal. App. 4th 1566 (2nd Dist. 1994) .........................................................................18

*Miller v. Metzinger*
    91 Cal. App. 3d 31 (1979)............................................................................................ 16

*Molsbergen v. United States*
    757 F.2d 1016 (9th Cir. 1985) ........................................................................................18

*Moss v. Duncan*
    36 Cal.App.5th 569 (2019) ........................................................................................9, 10

*Oakland Raiders v. National Football League*
    131 Cal. App. 4th 621 (6th Dist. 2005) ..........................................................................18

*Stevens v. Marco*
    147 Cal. App. 2d 357 (2nd Dist. 1956) ..........................................................................18

*Pantoja v. Countrywide Home Loans, Inc.*
    640 F. Supp. 2d 1177 (2009)............................................................................................8

v                                                                    4:24-cv-04639-HSG

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*Parks Sch. of Bus., Inc. v. Symington*
    51 F.3d 1480 (9th Cir. 1995) ............................................................................2

*Patton v. Schneider Nat'l Carriers, Inc*
    2009 WL 10673060 (C.D. Cal. June 8, 2009) ...............................................4

*Perkins v. West Coast Lumber Co.*
    129 Cal. 427 (1900) ......................................................................................17

*Peskett v. Levy Premium Foodservice Limited Partnership*
    2021 WL 1235038 (C.D. Cal. Feb. 11, 2021) .............................................5, 6

*Prakashpalan v. Engstrom, Lipscomp & Lack*
    223 Cal. App. 4th 1105 (2014) .......................................................................8

*Reeves v. Hanlon*
    33 Cal.4th 1140 (2004) .................................................................................17

*Riodan v. Western Digital Corp.*
    2023 WL 6462857 (N.D. Cal. 2023) ..............................................................6

*Rojo v. Kliger*
    52 Cal.3d 65 (1990) ........................................................................................3

*Roman v. Jan-Pro Franchising International, Inc.*
    342 F.R.D. 274 (2022) .........................................................................4, 11, 12

*Ryan v. Foster & Marshall, Inc.*
    556 F.2d 460 (9th Cir. 1977) ........................................................................18

*Scalia v. City of Kern*
    308 F. Supp. 3d 1064 (E.D. Cal. 2018) ..........................................................6

*Sims v. AT&T Mobility Services LLC*
    955 F. Supp. 2d 1110 (E.D. Dist. Cal. 2013) .................................................3

*Smith v. Williams*
    55 Cal.2d 617 (1961) ....................................................................................12

*Sonner v. Premier Nutrition Corporation*
    971 F.3d 834 (9th Cir. 2020) ..........................................................................6

*Steiner v. Vi-Jon Inc.*
    2024 WL 1181002 (N.D. Cal. Mar. 18, 2024) ...............................................6

*Stevens v. Marco*
    147 Cal. App. 2d 357 (2nd Dist. 1956) .....................................................2, 18

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*SVB Financial Group v. Federal Deposit Insurance Corp.*
  2024 WL 3745009 (N.D. Cal. Aug. 8, 2024) ...............................................................7

*Teselle v. McLoughlin*
  173 Cal. App. 4th 156 (2009) ...................................................................................8

*Tri-Growth Centre City Ltd. v. Silldorf, Burdman, Duignan & Eisenberg*
  216 Cal. App. 3d 1139 (4th Dist. 1989) ..................................................................17

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*
  718 F.3d 1006 (9th Cir. 2013) ..................................................................................2

*Valencia v. Volkswagen Group of America, Inc.*
  119 F. Supp. 3d 1130 (N.D. Cal. 2015) ....................................................................6

*Vedachalan v. Tata Am. Int'l Corp.*
  2010 WL 11484815 (N.D. Cal. Feb. 4, 2010)............................................................4

*Whiteley v. Philip Morris Inc.*
  117 Cal. App. 4th 635 (1st Dist. 2004) ...................................................................12

*Winn v. McCulloch Corp.*
  60 Cal. App. 3d 663 (2d Dist. 1976) .......................................................................12

*Woods v. Google, Inc.*
  889 F. Supp. 2d 1182 (N.D. Cal. 2012) ..............................................................12, 13

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*FEDERAL STATUTES*

Fed. R. Civ. P. 8(a)(2) ................................................................................................ 2

Fed. R. Civ. P. 8(d)(2) .............................................................................................. 18

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 2

26 U.S.C. 7422(a) ...................................................................................................... 9

*STATE STATUTES*

Cal. Bus. & Prof. Code § 17205 ................................................................................ 5

Cal. Civ. Code §1752 ................................................................................................. 5

Cal. Civ. Code §1780(a) ............................................................................................ 5

Cal. Civ. Code § 1798.150(c) ................................................................................... 10

*OTHER AUTHORITIES*

Hon. Karen L. Stevenson, et al.,
    *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* ¶ 9:188.1 (2024) ...................................2

Rest.3d Law Governing Lawyers § 14(1) ............................................................16

State Bar of CA Formal Op. 2003-164...............................................................16

*Tuft, et al., Rutter Group Prac. Guide Prof. Resp. & Liability* ¶ 3:45 (2023) .......................................17

FELL LAW, PC

4:24-cv-04639-HSG

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     INTRODUCTION**

In its *partial* Motion to Dismiss, Duane Morris asks this Court to dismiss certain specific claims and remedies in Plaintiff Meagan Garland's Complaint based on its misstatements of law or misstatements of fact:

- Equitable claims – The California Labor Code does not preempt Ms. Garland's equitable claims because the Labor Code did not create new rights, but rather supplemented rights that existed under the common law. Further, plaintiffs are allowed to plead remedies of law and equity, and must simply make an election of remedies at a later stage;

- Equitable relief – Ms. Garland has properly stated claims for declaratory judgment, accounting, and restitution as they are based on the violation of substantive rights as pled elsewhere in the Complaint;

- Tax law violations – Ms. Garland's claim for violations of the tax laws is not a claim for a tax refund but rather represents economic damages or restitution from accounting negligence and/or fraud;

- Breach of Contract – Apparently dissatisfied with the contract pled, Duane Morris invents its own version of a contract. This Court should reject Duane Morris's attempt to change Ms. Garland's allegations, which are sufficient to state a claim;

- Fraud – Duane Morris attempts to use the fact that Ms. Garland is a skilled *employment* lawyer to suggest she should have more quickly uncovered a complex *tax* law fraud and therefore as a matter of law reliance was not reasonable. The argument is devoid of merit and reasonable reliance is a question of fact for the jury;

- Professional Negligence and Breach of Fiduciary Duty – Duane Morris tries to disclaim TAG and asks this Court to find no duty. However, the case law and ethical canons are clear: if Duane Morris has a subsidiary that offers tax advice and tax preparation, Duane Morris's duty as lawyers extends to TAG's acts;

/ / /

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

- Civil Conspiracy – Duane Morris claims it cannot conspire with itself. However, discovery is still necessary to determine whether TAG is a legally distinct entity, so this claim is pled in the alternative. Further, the Civil Conspiracy claim alleges conspiracy between DOE Defendants who are individuals. Discovery is necessary to determine their precise identities but even without names, the allegations are sufficient.

Based on the foregoing, Duane Morris's motion to dismiss should be denied in its entirety.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

Further, the defense cannot piecemeal out portions of the plaintiff's claims. "A Rule 12(b)(6) motion cannot be used to challenge just certain allegations within a claim while the underlying claim is not itself challenged. Rather, such a challenge must be made by a motion to strike under Rule 12(f)." Hon. Karen L. Stevenson, et al., *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* ¶ 9:188.1 (2024).

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

1    **III.**    **THE MOTION TO DISMISS SHOULD BE DENIED**

2        **A.**    **The Labor Code Codified Common Law Rights and Did Not Create New Rights**

3        Ms. Garland brought Causes of Action for Violation of Business and Professions Code section

4    17200, et seq. (Unfair Competition Law – Eighth Cause of Action); Unjust Enrichment (Fourteenth

5    Cause of Action); Quantum Meruit (Sixteenth Cause of Action); and Restitution (Seventeenth Cause of

6    Action). Duane Morris contends that Ms. Garland's Eighth, Fourteenth, Sixteenth, and Seventeenth

7    Causes of Action fail because they seek damages for which the aforementioned Labor Code sections

8    provide the exclusive remedy. Def.'s Mot. Dismiss, at 2 (Aug. 30, 2024) (ECF No. 14). Given Ms.

9    Garland's claims are common law rights, established before enactment of the Labor Code Provisions,

10   this Court must deny Defendant's Motion on this basis alone.

11       Where the Labor Code codifies a preexisting common law cause of action, "all forms of relief

12   granted to civil litigants generally, including appropriate punitive damages, are available unless a

13   contrary legislative intent appears." *Brewer v. Premier Golf Props*, 168 Cal. App 4th 1243, 1252 (4th

14   Dist. 2008); *Sims v. AT&T Mobility Services LLC*, 955 F. Supp. 2d 1110, 1117 (E.D. Dist. Cal. 2013);

15   *Rojo v. Kliger*, 52 Cal.3d 65, 79-80 (1990). Thus, "the first and necessary step" in determining whether

16   the new right-exclusive remedy doctrine applies is to determine "whether or not the right existed at

17   common law." *Sims*, 955 F. Supp. 2d at 1114 (E.D. Cal. 2013).

18                        i.   <u>Unlawful Deductions</u>

19       The Labor Code does not provide the exclusive remedy for unlawful deductions. In *Hudgins v.*

20   *Neiman Marcus Group, Inc.,* the Court addressed the legislative history, existing common law claims

21   and well-established public policy leading to the enactment of Labor Code Section 221 and related

22   provisions.  (*Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal. App. 4th 1109, 1118 (1st Div. 1995).)

23   The Court explained these Labor Code provisions merely codified common law kick back claims.

24   Specifically, the Court noted that such kick back claims address were redressed at common law via

25   fraud claims and breach of contract claims.  In fact, a claim for unlawful deductions under 221, *et seq*.

26   is "declarative of a strong public policy against fraud and deceit in the employment relationship."  (*Id.*

27   at 1118-1119.)  Similarly, the Court explained that unlawful deductions are indicative of an

28   unenforceable contract (a right available to Plaintiffs at common law, and prior to enactment of the

FELL LAW, PC

- 3 -                                                                           4:24-cv-04639-HSG

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

1  Labor Code statute).  In a strong rebuke, the Court admonished the Defendant that, "[t]he one tool that

2  is *not* available to Neiman Marcus, however, is an employment agreement to consent to unlawful

3  deductions from their wages." *Id.* at 1124.  This District Court has doubled down on that rebuke as

4  recently as 2022 in *Roman v. Jan-Pro Franchising International, Inc.* 342 F.R.D. 274, 312 (2022),

5  quoting *Hudgins* for this express proposition.

6       Notably, Defendants purported authority is materially distinguishable; therefore, this Court

7  cannot rely on these in support of the Motion.  *Patton v. Schneider Nat'l Carriers, Inc.* is a 2009,

8  unpublished decision that entirely disregards (and indeed fails to even mention) well-settled California

9  Supreme Court authority acknowledging that Labor Code section 221, *et seq* merely codified,

10  "underlying policy in the law which is opposed to fraud and deceit." *See Kerr's Catering Service v.*

11  *Department of Indus. Relations*, 57 Cal.2d 319, 328-329 (1962); *see Patton*, 2009 WL 10673060 (C.D.

12  Cal. June 8, 2009).  In direct contravention our Supreme Court's declaration, *Patton* stands for the

13  proposition that section 221 "includes an extra element not part of the common law right to payment of

14  an agreed upon wage, i.e., secretiveness." *See Patton,* at *3.  It is axiomatic that at the core of fraud

15  and deceit is "secretiveness," as Plaintiff has alleged in the Complaint.

16       Defendant's reliance on *Vedachalan v. Tata Am. Int'l Corp.* and *Caputo v. Prada USA Corp.* is

17  equally misplaced.  *See Vedachalan,* 2010 WL 11484815; *Caputo*, 2014 WL 12567143. In those cases,

18  Plaintiff's Labor Code section 221 claims are plead as conversion claims, a claim preempted by the

19  Labor Code. *See Vedachalan* 2010 WL 11484815 at *3-4; *Caputo,* 2014 WL 12567143 at *6-8.  As

20  established above, Plaintiff's claims sound in contract and fraud, both of which are common law

21  claims that predate enactment of Labor Code, section 221.  Accordingly, the Court should deny

22  Defendant's relative to Plaintiff's claim for unlawful deductions, pursuant to Labor Code, section 221,

23  *et seq.*

24       In its motion, Duane Morris tells this court that "courts dismiss common-law claims for unpaid

25  wages because the Labor Code provides the exclusive remedy." Def.'s Mot. Dismiss, at 2 (Aug. 30,

26  2024) (ECF No. 14). More specifically, Defendant contends such "unpaid wages" claims fail because

27  they "cannot form the basis of a claim for conversion."  (*Id.*)  To the extent Defendant's passing

28  reference is intended to convince the Court to dismiss Plaintiff's Third Cause of Action for Unpaid

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Wages, it must fail, as Plaintiff has not plead a claim of conversion.  Defendant's authority, therefore, is misplaced as they pertain exclusively to unpaid wages claims in the context of a claim of conversion. *Id.* (citing *Draper v. Am Diagnostic Med., Inc.*, 2009 WL 10695735, at *2 (N.D. Cal. Nov. 13, 2009); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007)). More generally, in *Peskett v. Levy Premium Foodservice Limited Partnership*, the court concluded the new right-exclusive remedy doctrine does not apply to claims for unpaid wages under the UCL, breach of contract, and unjust enrichment. *Id.*, 2021 WL 1235038 at *2-4 (C.D. Cal. Feb. 11, 2021)). Accordingly, this Court should deny Defendant's motion on this point, as well.

ii.   <u>Failure to Reimburse Necessary Expenditures</u>

Defendant claims Plaintiff's Sixth Cause of Action for unreimbursed business expenses, pursuant to Labor Code section 2802 is the sole and exclusive remedy and, therefore, bars Plaintiff's Eighth, Fourteenth, Sixteen, and Seventeenth Causes of Action. Def.'s Mot. Dismiss, at 3 (Aug. 30, 2024) (ECF No. 14). Plaintiff's Labor Code section 2802 claim pertains only to the proposed "Reimbursement Class." It does not apply to the Proposed Non-Equity Partner Class and Proposed California Non-Equity Partner class.  This is significant because Plaintiff's Eighth, Fourteenth, Sixteenth and Seventeenth causes of action do not pertain to the Reimbursement Class.  Therefore, the question whether those causes of action are the exclusive remedy for Labor Code section 2802 is not before this Court.

**B.      Remedies of Law and Equity are Permissible at the Pleading Stage**

Defendant moves this Court to dismiss Plaintiff's claims for Unfair Competition, Unjust Enrichment, Accounting, and Quantum Meruit on the basis of adequate remedies at law available to Plaintiff. Def.'s Mot. Dismiss, at 4 (Aug. 30, 2024) (ECF No. 14).  However, it is well-settled that these claims should not be dismissed at the pleading stage.  *See Leghorn vs. Wells Fargo Bank,* NA 950 F.Sup. 2d 1093, 1122 (N.D. Cal. June 19, 2013).  Therefore, this Court should deny Plaintiff's Motion on this basis alone.

Plaintiff may allege claims in the alternative at the pleading stage. *Freeman v. Indochino Apparel*, Inc., 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) (citing Cal. Bus. & Prof. Code § 17205 ("the remedies…provided by this chapter are cumulative to each other and to the remedies or penalties

FELL LAW, PC

- 5 -                                                4:24-cv-04639-HSG
**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

1   available under all other laws of this state"); Cal. Civ. Code §§ 1752; 1780(a)). "[E]ven though

2   Plaintiff will only be permitted to recover once (if at all), 'at the pleading stage a plaintiff is permitted

3   to plead in the alternative.'" *Freeman v. Indochino Apparel*, Inc. 443 F. Supp. 3d at 1114 (citing *Scalia*

4   *v. City of Kern*, 308 F. Supp. 3d 1064, 1088 (E.D. Cal. 2018)). This includes remedies at law and

5   equity. *Riodan v. Western Digital Corp.*, 2023 WL 6462857 at *10 (N.D. Cal. 2023) ("It is well

6   established that claims for restitution or unjust enrichment may survive the pleading stage when pled

7   as alternative avenues of relief, though the claims, as alternatives, may not afford relief if other claims

8   do") (internal quotations omitted); *Colucci v. ZonePerfect Nutrition Co.*, 2012 WL 6737800 at *10

9   (N.D. Cal. Dec. 28, 2012) (collecting cases); *Goldstein v. General Motors LLC*, 517 F. Supp. 3d 1076,

10  1095 (S.D. Cal. 2021) (holding Plaintiff may pursue a claim of unjust enrichment despite adequate

11  legal remedies under the CLRA based on the same underlying conduct because "at this early

12  stage…Plaintiffs [are allowed] to plead alternative avenues for relief"); *Peskett*, 2021 WL 1235038 at

13  *9; Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims…as it has, regardless of

14  consistency"). Plaintiff need only allege that "their legal claims would not provide them with an

15  adequate remedy." *Goldstein*, 517 F. Supp. 3d at 1095.

16       In *Steiner v. Vi-Jon Inc.,* a District Court in the Northern District of California denied the

17  defendant's motion to dismiss the plaintiffs' equitable UCL and unjust enrichment claims "because

18  Plaintiffs seek damages based on the same allegations and thus have an adequate remedy at law." 2024

19  WL 1181002 at *7 (N.D. Cal. Mar. 18, 2024). Like Duane Morris, the defendant relied on *Sonner v.*

20  *Premier Nutrition Corporation,* 971 F.3d 834 (9th Cir. 2020) to argue that federal courts are precluded

21  from awarding equitable relief when an adequate legal remedy exists. The *Steiner* Court, in denying

22  the motion to dismiss, held that "Courts in this district, however, typically permit the pursuit of

23  alternative remedies at the pleadings stage." *Steiner*, WL 1181002 at *7 (collecting cases).

24       Duane Morris's argument that the damages sought under the equitable causes of action are

25  duplicative also fails. "That the relief sought by that cause of action [unjust enrichment] is entirely

26  duplicative of the relief sought by other causes of actions asserted by the Plaintiffs does not provide a

27  basis for the Court to dismiss the unjust enrichment claim." *Valencia v. Volkswagen Group of America,*

28  *Inc.*, 119 F. Supp. 3d 1130, 1142-43 (N.D. Cal. 2015) (citing *Astiana*, 783 F.3d at 762).

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Here, Ms. Garland seeks equitable relief under her Eighth Cause of Action (Unfair Competition Law ("UCL")), Fourteenth Cause of Action (Unjust Enrichment), and Sixteenth Cause of Action (Quantum Meruit). Duane Morris incorrectly argues that Ms. Garland cannot plead equitable remedies where adequate legal remedies exist. Def.'s Mot. Dismiss, at 4 (Aug. 30, 2024) (ECF No. 14). All Ms. Garland is required to plead is that she had no adequate legal remedy, which she has. Compl., at 21 (July 31, 2024) (ECF No. 1). While Ms. Garland will only be permitted to *recover* once, at this early juncture in litigation, she is permitted to plead alternative avenues of relief.

**C.    Plaintiff Properly Alleges Declaratory Judgment, Accounting, and Restitution**

      i.    <u>Declaratory Judgment is a Valid Claim When Brought with Other Causes of Action.</u>

Declaratory Judgment is routinely plead as a cause of action. *See, e.g.*, *Jain v. Unilodgers, Inc.*, 2022 WL 2068219 at *6 (N.D. 2022) ("The Court finds the FAC sufficiently pleads a cause of action for declaratory relief"). While Declaratory Judgment cannot be a stand-alone cause of action where none otherwise exists, *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878-79 (9th Cir. 2022), it *can* be brought in conjunction with other claims for relief "and thus will rise or fall with the plausibility of those claims." *See SVB Financial Group v. Federal Deposit Insurance Corp.*, 2024 WL 3745009 at *17-18 (N.D. Cal. Aug. 8, 2024) (declining to dismiss the plaintiff's declaratory judgment claim based on defendant's argument that it is not an "independent claim"). "This [declaratory judgment] cause of action rises and falls with Plaintiffs' other claims: if Plaintiffs fail to allege facts sufficient to state a claim under any other cause of action, the claim for declaratory judgment and injunctive relief will be dismissed. Since not all of Plaintiffs' claims have been dismissed, this cause of action moves forward at this stage." *Katz-Lacabe v. Oracle America, Inc.*, 2023 WL 6466195 at *9 (N.D. Cal. Oct. 3, 2023).

Here, Ms. Garland's cause of action for declaratory judgment is not alleged in a vacuum, but rather in conjunction with other claims for relief. Therefore, it is proper, and this Court should deny Defendant's motion accordingly.

/ / /

/ / /

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

ii.  <u>Accounting is a Valid Cause of Action.</u>

Accounting is a valid cause of action. *See, e.g., Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009); *Brea v. McGlashan,* 3 Cal. App. 2d 454, 460 (1934); *Kritzer v. Lancaster,* 96 Cal. App. 2d 1, 6 (1950).

> An accounting is an equitable proceeding which is proper where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debits and credits on the books to determine what is due and owing. Equitable principles govern, and the plaintiff must show the legal remedy is inadequate. Thus, where the books and records are so complicated that an action demanding a fixed sum is impracticable, an accounting is proper.

*Prakashpalan v. Engstrom, Lipscomp & Lack*, 223 Cal. App. 4th 1105, 1136-37 (2014) (permitting cause of action for accounting) (internal citations omitted).

To state a cause of action for accounting, "only the simplest pleading is required: (1) A relationship or other circumstances appropriate to the remedy… (2) A balance due from the defendant to the plaintiff that can only be ascertained by an accounting . . . ." 5 Witkin, Cal. Proc. 6th Plead § 816 (2024).

In *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, cited by Duane Morris, the Court dismissed the accounting cause of action because there was an attached Notice of Default enumerating exactly what was owed. Here, in contrast, Ms. Garland alleged that "Plaintiff and Class Members do not know the precise amount of remuneration to which each was entitled during the relevant time period. Such amounts can only be determined by an accounting of Duane Morris' books and records." Compl., at 40 (July 31, 2024) (ECF No. 1). This is all that is required to state a cause of action for accounting.

iii.  <u>Restitution is a Valid Cause of Action.</u>

Duane Morris contends that "restitution" and "unjust enrichment" are duplicative. Def.'s Mot. Dismiss, at 17 (Aug. 30, 2024) (ECF No. 14). However, a plaintiff may assert an unjust enrichment claim even where they seek restitution as a remedy under a separate cause of action. *Love and War, LLC v. Wild Bunch A.G.*, 2018 WL 7501286, at *6 (C.D. Cal. Dec. 21, 2018). "[T]he fact that unjust enrichment allegations are 'duplicative of or superfluous to…other claims…is not grounds for dismissal.'" *Lusson v. Apple, Inc.*, 2016 WL 10932723 at *3 (N.D. Cal. June 20, 2016) (citing *Astiana*

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

1    *v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015). Further, "[i]t's not unusual for a complaint

2    to allege separate 'claims' for separate remedies—like punitive damages or injunctive relief—that are

3    not independent causes of action. Courts should let these claims rise and fall with the underlying,

4    substantive claim on which they rely." *Id*. (citing *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015)).

5           **D.    Ms. Garland's Seventh Cause of Action is Not a Tax Refund Claim; it Alleges
                    Money Damages from Fraud, Negligence, Negligence Per Se, and Unjust
6                   Enrichment**

7           Defendants cite tax refund cases to argue that Ms. Garland's Seventh Cause of Action is not

8    legally cognizable. However, this is not a tax refund claim. As this Court, the Honorable Haywood S.

9    Gilliam, Jr., noted, "[t]he Court also rejects Defendant's characterization of Plaintiff's action as a tax

10   refund case. Plaintiff explicitly stated he is not seeking a tax refund as part of his damages

11   assessment." *Didier v. G & C Auto Body, Inc.*, 2017 WL 4863774, Case No. 17-cv-04482-HSG, at *4

12   (citing 26 U.S.C. 7422(a)) (defining a tax refund suit as a 'suit or proceeding... in any court for the

13   recovery of any revenue tax alleged to have been erroneously or illegally assessed or collected, ... or of

14   any sum alleged to have been... in any manner wrongfully collected"). Rather, in this case, Ms.

15   Garland alleges the defendants are liable for fraud, negligence, and negligence per se in giving tax

16   advice, executing tax policies, and failing to provide a service given (and mandated) to all employees

17   of making tax withholdings. Ms. Garland does not allege the U.S. Government was over- or under-

18   paid. Rather, Ms. Garland alleges that Duane Morris's fraudulent or negligent tax advice and practices

19   caused her economic harm.

20          This case is not conceptually distinct from accountant professional negligence claims where an

21   accountant's faulty advice results in financial loss to the plaintiff. *See, e.g., Moss v. Duncan*, 36

22   Cal.App.5th 569, 574 (2019) (discussing cases finding statute of limitations on accountant malpractice

23   cases for federal and state taxes assessed begins to run at the time the taxing authority issues a tax

24   deficiency assessment).

25          Discussing *International Engine Parts, Inc. v. Feddersen & Co.*, 9 Cal.4th 606 (1995)

26   (*Feddersen*), the *Moss* court stated:

27   / / /

28

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

FELL LAW, PC

1

2

3

> The California Supreme Court considered various times when damages due to a tax deficiency occurred: when the taxpayer first learned there could be an error on his tax filing; when the taxpayer incurred costs in responding to potential liability; and when the tax deficiency was assessed against the taxpayer.

4

*Moss v. Duncan,* 36 Cal.App.5th at 576 (citing *Fedderson,* 9 Cal.4th at 610-611).

5

6

7

8

Further, *only six months ago, this Court, the Honorable Haywood S. Gilliam, concluded* that claim for unfair competition is available even where the predicate cause of action is legislatively barred for lack of private right of action. *Sequeira v. United States Dept. of Homeland Security,* 22-cv-07996-HSG at *7 (N.D. Cal. March 21, 2024).

9

10

> Western Union argues that because the Cal. FIPA does not provide a private right of action, Plaintiffs cannot bring a UCL claim predicated on an alleged violation of that statute.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*See Western Union Mot.,* at 13–14. But the California Supreme Court has made clear that a predicate statute need not itself be independently actionable for a plaintiff to bring a claim under the UCL's unlawful prong. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950, 119 (2002), as modified (May 22, 2002) ("A private plaintiff may bring a UCL action even when the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action." (quotations omitted)). Instead, "the UCL cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." *Zhang v. Superior Court,* 57 Cal. 4th 364, 377 (2013) (quoting *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998)). Such a bar can come from the statutory language itself, *see, e.g.*, Cal. Civ. Code § 1798.150(c) ("Nothing in this title shall be interpreted to serve as the basis for a private right of action under any other law"), or from some other source of law, *see Stop Youth Addiction*, 17 Cal. 4th at 564 (litigation privilege would bar UCL action). "The rule does not, however, prohibit an action under the [UCL] merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged conduct." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

25

/ / /

26

/ / /

27

28

FELL LAW, PC

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

**E.     Ms. Garland Adequately Pled a Breach of Contract Cause of Action**

Defendant erroneously asserts that Plaintiff alleges full compliance with an unidentified contract. Def.'s Mot. Dismiss, at 10 (Aug. 30, 2024) (ECF No. 14).  The Complaint expressly underscores the fact that the contract is not enforceable given its unlawful nature and given Defendant misrepresented and concealed material information relevant to the contract.  Plaintiff has only recently discovered this information.

It is well-settled that a contract is unenforceable to the extent its provisions are unlawful, even when the employee willingly entered into the purported contract.  *See Roman v. Jan-Pro*, 342 F.R.D. 274, 312 (N.D. Cal. 2022) (holding employers cannot rely on the existence of an "agreement" where the provisions "require[] its employee to consent to unlawful" actions). In that case, as in this case, the unlawful provision at issue pertained to unlawful deductions.  *See id.*  Plaintiff's claim is only bolstered by her Fifth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing, which underscores the impossibility of a meeting of the minds to the extent Defendant fraudulently misrepresented or concealed material information relevant to the purported contract.

Duane Morris attempts to rewrite Ms. Garland's Complaint to allege a different contract than the one she, in fact, alleged. Ms. Garland alleged, "The Firm and its non-equity partners thereby had a meeting of the minds regarding the amount of annual compensation owed to each non-equity partner and entered into contracts for employment." Compl., at ¶82 (July 31, 2024) (ECF No. 1). "By applying unlawful deductions to the agreed-upon compensation, the Firm breached its contracts with its non-equity partners." *Id*. at ¶83. "As a result, Plaintiff and the Non-equity Partners suffer damages." *Id*. at ¶84. Ms. Garland, in fact, did not agree to be misclassified, did not agree to the Firm's unlawful deductions, and did not waive her right to receive the full amount of her wages, nor does she have the legal capacity to do so. *See Roman*, 342 F.R.D. at 312.

Finally, Defendant submitted annual Budgeted Partner Income spreadsheets under seal as purported evidence of the terms of the contract. They reflect the annual compensation to which the parties orally agreed, and almost $60,000 in deductions for "capital," "pension," benefits, and "composite taxes." Def.'s Mot. Dismiss, at 11 (Aug. 30, 2024) (ECF No. 14); *see* Ex. A-C (attached to

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

1  the Declaration of Charles J. O'Donnell filed concurrently); Compl., at ¶80 (July 31, 2024) (ECF No.

2  1).

3         First, Defendant did not provide Ms. Garland or others similarly situated with did not provide

4  Ms. Garland or others similarly situated with annual Budgeted Partner Income spreadsheets until after

5  her "promotion." Second, *even if*, Ms. Garland assented to the unlawful deductions alleged, the law is

6  clear that employees cannot waive Labor Code protections. *See Roman,* at 312. Based on the

7  foregoing, Defendant's contentions are without merit, and this Court should disregard them.

8

9         **F.    The "Reasonableness" of Ms. Garland's Reliance on Duane Morris's Fraud and**
          **Negligent Misrepresentation is a Question of Fact**

10

11        Defendant seeks to mislead this Court, as the authorities upon which it chiefly relies were

12 decided at the summary judgment stage, on a full factual record, rather than at the pleadings stage. Not

13 surprisingly, those cases held the existence of fraud, and the question of whether a plaintiff's reliance

14 is reasonable*,* is a question of fact. *Whiteley v. Philip Morris Inc.,* 117 Cal. App. 4th 635, 678 (1st Dist.

15 2004); *Guido v. Koopman*, 1 Cal. App. 4th 837, 843 (1st Dist. 1991) (citing Civ. Code § 1574). The

16 only exceptions are the "*rare case* where the undisputed facts leave *no room* for a reasonable

17 difference of opinion." *Whiteley*, 117 Cal. App. 4th at 678 (emphasis added).

18        Second, negligence in reliance upon a misrepresentation is not a defense where the

19 misrepresentation was intentionally made to induce reliance upon it. *Winn v. McCulloch Corp.*, 60 Cal.

20 App. 3d 663, 671 (2d Dist. 1976) (citing *Hefferan v. Freebairn*, 34 Cal.2d 715, 719 (1950) (*en banc*));

21 *Smith v. Williams*, 55 Cal.2d 617, 620 (1961) (*en banc*). Only "[i]f the conduct of the plaintiff (in

22 relying upon a misrepresentation) in the light of his own intelligence and information was manifestly

23 unreasonable" will he be denied recovery. *Hefferan*, 34 Cal.2d at 719.

24        The only case Duane Morris cites involving a motion to dismiss is *Woods v. Google, Inc.*, 889

25 F. Supp. 2d 1182 (N.D. Cal. 2012) where the Court could properly consider the contract language itself

26 under Rule 12(b)(6), as it was attached as exhibits to the complaint. *Woods*, 889 F. Supp. 2d at 1191.

27 Duane Morris presented this Court with an incomplete and inaccurate holding in *Woods*, which

28 discusses whether or not a "sophisticated party" could have reasonably relied on a series of Google

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

advertising policies that contradicted the language of an Agreement. *Id*. at 1196. The *actual* holding in *Woods* states, in relevant part:

> "In light of Woods' sophistication as an attorney, Woods could not have reasonably relied upon the AdSense Policies because, as discussed above, they contradict the clear language of the Agreement. Woods' reliance upon Google's Smart Pricing statements, however, *may have been justified* because these statements were used to interpret an ambiguous clause in the Agreement."

*Id*. (emphasis added).

The Court granted leave to amend to allege such reliance. *Id*. at 1198.

Here, Duane Morris argues that Ms. Garland "could not have reasonably relied on the misrepresentation she alleges" because of her "sophistication and expertise as an employment lawyer." Def.'s Mot. Dismiss, at 11-12 (Aug. 30, 2024) (ECF No. 14). Even a superficial review of the facts alleged in Ms. Garland's Fraud cause of action reveal that they are not employment law propositions, but sophisticated applications of the tax code. Compl., at ¶111 (July 31, 2024) (ECF No. 1). Ms. Garland is not, and has never been, a tax lawyer. Ms. Garland alleged that despite her experience as an employment lawyer, she was still subject to the supervision and control of more senior attorneys at Duane Morris. *Id*. at ¶34(b). Ms. Garland was "promoted" to Nonequity Partner in January 2021. *Id*. at ¶23. Ms. Garland's first tax deadline after becoming a Nonequity Partner was not due (after extension) until October 17, 2022 and TAG did not send Ms. Garland the tax return it prepared on her behalf until September 29, 2022. Fell Decl., at ¶7. Ms. Garland complained to Duane Morris about her misclassification and tax treatment on November 22, 2023. *Id*. Whether fourteen (14) months is unreasonably long for an *employment* lawyer to uncover a massive *tax* fraud perpetrated by the Firm and equity partners who employ her, to be willing to raise the issue to her superiors who are also individual beneficiaries of the fraud, and knowing that the Firm was likely to retaliate (and has now done so as evidenced in its recently-filed Motion to Transfer Venue), is an issue of fact for a jury to decide.

Whether or not Ms. Garland's reliance was reasonable is a question of fact wholly inappropriate for adjudication on a motion to dismiss. Further, Duane Morris must not only convince this Court – as a matter of law – that Ms. Garland was unreasonable, but rather must convince the

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Court that she was *manifestly* unreasonable, given that Duane Morris's misrepresentations were intentionally made to induce reliance. It has not met that burden.

### G.     Professional Negligence and Breach of Fiduciary Duty

> i.   <u>Duane Morris' Ethical and Fiduciary Duties Extend to TAG.</u>

The American Bar Association's Model Rule 5.7 provides:

> (a)   A lawyer shall be subject to the Rules of Professional Conduct with respect to the provision of law-related services, as defined in paragraph (b), if the law-related services are provided... (2) in other circumstances by an entity controlled by the lawyer individually or with others if the lawyer fails to take reasonable measures to assure that a person obtaining the law-related services knows that the services are not legal services and that the protections of the client-lawyer relationship do not exist.
>
> ***
>
> (b)   The term 'law-related services' denotes services that might reasonably be performed in conjunction with and in substance are related to the provision of legal services, and that are not prohibited as unauthorized practice of law when provided by a nonlawyer.

Model Code of Prof'l Responsibility r. 5.7.[1]

> Rule 5.7 applies to the provision of law-related services by a lawyer even when the lawyer does not provide any legal services to the person for whom the law-related services are performed and whether the law-related services are performed through a law firm or a separate entity.

*Id.*, cmt. 2.

"In every case where a lawyer performs services for a client which could be performed by one not a member of the bar, nevertheless, in performing them in the course of his legal services *he is acting as a lawyer and subject to the Canons.*" ABA Formal Opinion, No. 328.

"Examples of law-related services include providing... accounting... tax preparation..." *Id.*, cmt. 9; *see also* Cal. State Bar Formal Op. Interim 16-0003 (citing Model Code of Prof'l Responsibility r. 5.7, cmt. 9); *see Camenisch v. Superior Court*, 44 Cal. App. 4th 1689, 1691 (legal malpractice case arising from negligent tax advice).

---

[1] While California has not formally adopted ABA Model Rule 5.7, it has referenced it as recently as 2018 in regard to a firm's fiduciary duties for the provision of non-legal related services. Cal. State Bar Form. Opn. Interin No. 16-0003.

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

The San Diego Bar Association Committee on Ethics, Opinion 1974-17 responded to the question, "May an attorney employ a certified public accountant on a salaried basis to assist the attorney in tax matters, specifically, in business planning and in preparation of income tax returns?" as follows: "Yes. An attorney may employ a certified public accountant on a salaried basis to assist the attorney in accounting matters, provided the attorney vouches for the work and remains fully responsible for it to his client." San Diego County Bar Association, Ethics Op. 1974-17. The opinion quotes Formal Opinion No. 272:

> It is entirely ethical for a firm of lawyers to employ a public accountant (whether a C.P.A. or not) on a salaried basis to advise the law firm on matters of accounting and to assist the firm in connection with accounting problems arising in its law practice... To permit such an accountant to certify statements under his own name as a C.P.A. for the use of clients of the law firm would violate the provision of Canon 35 requiring the lawyer's relation to the client to be personal and direct, without the intervention of any lay intermediary.

### 1.  TAG is Controlled by Duane Morris

Ms. Garland alleged that TAG is controlled by Duane Morris. Compl., at ¶151 (July 31, 2024) (ECF No. 1) (TAG represents to Duane Morris's non-equity partners, its clients, that it is the "Tax Accounting Group of Duane Morris LLP," an "ancillary practice of Duane Morris LLP," and is "affiliated with" the law firm). Any claimed separateness of TAG from Duane Morris must be disregarded as a violation of the California Rules of Professional Conduct. *Id.* at ¶153. Further, Duane Morris moved to dismiss Ms. Garland's Civil Conspiracy Cause of action on the grounds that "civil conspiracy requires 'a combination of two or more persons,'" which, the Firm claims, is not the case here. Def.'s Mot. Dismiss, at 14-15 (Aug. 30, 2024) (ECF No. 14).

### 2.  Duane Morris Did Not Take Reasonable Measures to Ensure Non-entity Partners Knew the Lawyer-Client Relationship Does Not Exist

Duane Morris offered TAG's tax advice, analysis, recommendations, and tax-return preparation services as a fringe benefit to the Firm's non-equity partners without representing that it is a separate entity or ensuring that non-equity partners knew of any distinction between the two. In fact, TAG represents to clients that it is the "Tax Accounting Group of Duane Morris LLP" and "affiliated with" the law firm. As such, Duane Morris did not take measures to ensure that Ms. Garland knew the lawyer-client relationship did not exist *vis-à-vis* TAG's provision of services.

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

ii.  <u>Duane Morris and Ms. Garland Entered into an Express Attorney-Client Relationship.</u>

An attorney-client relationship is formed when an attorney and a client both (orally or in writing) manifest the intent to give and receive legal advice or assistance. *Flatt v. Sup. Ct.*, 9 Cal.4th 275, 281, fn.1 (summary judgment denied on the issue of existence of an attorney-client relationship where the lawyer gave "a little bit of an opinion"); *Miller v. Metzinger*, 91 Cal. App. 3d 31 (reversing summary judgment where attorney offered to advise although no fee had been paid); Rest.3d Law Governing Lawyers § 14(1); *see* State Bar of CA Formal Op. 2003-164 (attorney-client relationship may be express or implied and is based on the intent and conduct of the parties).

Here, Ms. Garland alleged that "Duane Morris offers TAG's tax advice, analysis, recommendations, and tax-return preparation services as a fringe benefit to the Firm's non-equity partners. Specifically, TAG prepares non-equity partners' tax filings, and provides tax alerts, educational webinars, and tax advice." Compl., at ¶7 (July 31, 2024) (ECF No. 1). Because Ms. Garland accepted the offer for tax advice from a law firm, there is an attorney-client relationship.

iii.  <u>Duane Morris and Ms. Garland Entered into an Implied Attorney-Client Relationship.</u>

An attorney-client relationship (and the attorney's duties to the client) can arise by inference from the conduct of the parties. Cal. State Bar Formal Op. 2003-161. The factors considered include:

- Whether the attorney *volunteered* his or her services to the prospective client;
- Whether *confidential information* has been disclosed by the prospective client;
- Whether the prospective client *reasonably believed* he or she was consulting the attorney in the attorney's *professional capacity;*
- Whether the attorney *acted or indicated by statements* that he or she was representing the prospective client;
- The *amount of contact* between attorney and the prospective client;
- Whether the prospective client *sought legal advice* from the attorney and whether the *attorney provided advice;*
- Whether the attorney *previously represented* the prospective client, particularly where the representation occurred over a period of time or in several matters or without an express agreement;
- Whether the prospective client *paid fees* or other consideration in the matter in question; and
- Whether the prospective client consulted the attorney *in confidence.*

FELL LAW, PC

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

*Id.*; Tuft, et al., *Rutter Group Prac. Guide Prof. Resp. & Liability* ¶ 3:45 (2023). The seeking and giving of legal advice is itself enough to create a "prima facie" attorney-client relationship. *Beery v. State Bar,* 43 Cal.3d 802, 810-11 (1987) (citing *Perkins v. West Coast Lumber Co.*, 129 Cal. 427, 428-30 (1900)).

> iv.  Even if No Attorney-Client Relationship was Formed, Duane Morris Owed Ms. Garland a Fiduciary Duty as Her Employer Giving Tax Advice and Preparing Taxes.

A fiduciary relationship is created whenever a person reposes trust and confidence in another who obtains control over the first person's affairs in some way. *Tri-Growth Centre City Ltd. v. Silldorf, Burdman, Duignan & Eisenberg*, 216 Cal. App. 3d 1139, 1150 (4th Dist. 1989); *Lynch v. Cruttenden & Co.*, 18 Cal. App. 4th 802, 809 (2nd Dist. 1993). It "has been long established that [law firm] partners have fiduciary duties towards each other."  *In Matter of Heller Ehrman LLP*, 830 F.3d 964 (9th Cir. 2016) (citing *Gorman v. Russell*, 14 Cal.531, 539 (1860)). For nearly a century, California law has long recognizes a similar duty between employer and employee to the extent the claim "touch[es] matters peculiarly within [employer's] knowledge, and arising out of the trust reposed in him." *See Brea v. McGlashan*, 3 Cal. App. 2d 454, 461 (1934).

The existence of a fiduciary relationship "is a question of fact for the trier of fact" based on each case's circumstances. *Kudokas, v. Balkus*, 26 Cal. App. 3d 744, 750 (3d Dist. 1972). Fiduciary duties may arise out of an agreement. *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal. App. 4th 409, 417 (4th Dist. 2000) (disapproved on other grounds by *Reeves v. Hanlon*, 33 Cal.4th 1140 (2004)). However, they do not necessarily require a contract, nor are they solely derived from formalized trust relationships. *Gill v. Johnson*, 125 Cal. App. 296, 300 (4th Dist. 1932), *Lingsch v. Savage*, 213 Cal. App. 2d 729, 735 (1st Dist. 1963); *Tri-Growth Centre City Ltd. v. Silldorf, Burdman, Duignan & Eisenberg*, 216 Cal. App. 3d 1139, 1150 (4th Dist. 1989) (law firm owed duty to non-client because a fiduciary relationship arises whenever confidence is reposed by persons in the integrity of another).

Where a party is required to account to the other in some way, a fiduciary relationship may also be found, particularly where the other has no independent ability to monitor the work subject to the accounting; absent any ability to monitor, trust and confidence must necessarily be reposed. *See*

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

*Oakland Raiders v. National Football League*, 131 Cal. App. 4th 621, 631 (6th Dist. 2005); *Stevens v. Marco*, 147 Cal. App. 2d 357, 363 (2nd Dist. 1956); *April Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805, 818-819 (2nd Dist. 1983) (joint venturers considered to be fiduciaries); *Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1580 (2nd Dist. 1994) (same). *Brea*, 3 Cal.App.2d at 361 (fiduciary-like relationship of trust in the employer-employee context.)

Here, Duane Morris retained control over Ms. Garland's tax return preparation *vis-a-vis* its "affiliate" TAG, which is "part of" Duane Morris. Ms. Garland reposed trust and confidence in Duane Morris and TAG to give advice and prepare her returns with the utmost good faith and in her best interest. Whether Duane Morris owed Ms. Garland a professional and/or fiduciary duty is a question of fact inappropriate for adjudication on a motion to dismiss.

## H.    Civil Conspiracy

Pursuant to Rule 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985) ("a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case under the circumstances").

Here, Ms. Garland's Twelfth and Thirteenth Causes of Action pled facts sufficiently demonstrating Defendants Duane Morris and TAG form a single economic enterprise. Compl., at ¶¶149-160, 161-165 (July 31, 2024) (ECF No. 1). In the alternative, Ms. Garland's Tenth Cause of Action for Civil Conspiracy alleges sufficient facts showing that the two entities are separate. Compl., at ¶¶125-137 (July 31, 2024) (ECF No. 1). Ms. Garland simply does not yet know the facts to determine the truth underlying its respective claims. Duane Morris has also not disclosed any evidence to enable the narrowing of these issues. Courts may not construe Plaintiff's alternative pleadings as "waiv[ing] any rights to recovery merely by taking inconsistent positions." *Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460, 463 (9th Cir. 1977).

As to the sufficiency of Ms. Garland's Tenth Cause of Action for Civil Conspiracy, the elements are: (1) the formation and operation of the conspiracy; (2) a wrongful act done in furtherance

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

of the conspiracy; and (3) resulting damage to the plaintiff from an act or acts done in furtherance of the common design. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994). "'[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.'" *Id*. (citing *Doctors' Co. v. Superior Court,* 49 Cal.3d 39, 44 (1989)).

Here, Ms. Garland properly alleged that Co-Defendants Duane Morris and TAG each agreed and conspired to "deprive Plaintiff and Class Members of money…[and] provide [them] with tax statements reflecting their purported share of tax debt generated by partnership income, which they do not own, and in states that [they] neither practice nor reside." Compl., at ¶¶128-129 (July 31, 2024) (ECF No. 1). Duane Morris cites to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984) as standing for the proposition "that a parent and its subsidiary make up a single economic enterprise" and that "such an enterprise cannot conspire with itself." *Aydin Corp. v. Varian Assocs., Inc.*, 1995 WL 230674, at *2 (N.D. Cal. Apr. 11, 1995) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984)). Curiously, the Firm presents no evidence supporting its assertion that TAG is a wholly owned subsidiary of Duane Morris.

Additionally, there are individuals and DOE Defendants who almost certainly took part in the conspiracy. For example, Michael A. Gillen (Director of TAG) and Matthew A. Taylor (Chairman and Chief Executive Officer of Duane Morris). Ms. Garland expects discovery will reveal who, and how many individuals planned, enacted, and oversaw this scheme.

Finally, Duane Morris erroneously charges Ms. Garland with "fail[ing] to allege that TAG is a separate entity from Duane Morris." Def.'s Mot. Dismiss, at 15 (Aug. 30, 2024) (ECF No. 14). The Firm supports their false claim by citing Plaintiff's characterization of the two entities as being "affiliated" with one another. *Id*. (citing Compl., at ¶151 (July 31, 2024) (ECF No. 1)). Absent facts indicating otherwise, two distinct entities may obviously "affiliate" with one another, or even "operate" together on the same "platform." Def.'s Mot. Dismiss, at 15 (Aug. 30, 2024) (ECF No. 14). That Duane Morris offers TAG's tax services to its non-equity partners as a "fringe benefit" sheds no light whatsoever on the legal structure of the two, potentially distinct, entities. *Id*. (citing Compl., at ¶7

**PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

1  (July 31, 2024) (ECF No. 1)). Nor does TAG's representations to its clients that it operates as an

2  "ancillary practice of Duane Morris LLP" reveal anything about the entity's corporate structure. Def.'s

3  Mot. Dismiss, at 15 (Aug. 30, 2024) (ECF No. 14) (citing Compl., at ¶151 (July 31, 2024) (ECF No.

4  1)).

5  In fact, Duane Morris's and TAG's public representations as to their legal and operational

6  relationship invites more questions than it does answers. As to Ms. Garland's Civil Conspiracy Cause

7  of Action, Defendant solely relies on Ms. Garland's lack of facts alleging Duane Morris and TAG

8  constitute two distinct entities. Not so. The Firm does not challenge any other element(s) comprising

9  Ms. Garland's claim for this cause of action. As such, this Court must deny Defendant's motion to

10  dismiss Ms. Garland's Tenth Cause of Action.

11  **IV.    CONCLUSION**

12  Duane Morris cannot revise the Complaint or existing law. Based on this Complaint and the

13  applicable law, this Court should deny Duane Morris's motion to dismiss in its entirety.

14

15

16  DATED:   September 13, 2024                                    **FELL LAW, PC**

17

18                                                                                /s/Bibianne U. Fell
                                                                                    Bibianne U. Fell
19                                                                                Marlee A. Horwitz
                                                                                    Benjamin S. Schenk
20                                                                                **Attorneys for Plaintiff and the
                                                                                    Proposed Class**

21

22

23

24

25

26

27

28

PLAINTIFF MEAGAN GARLAND'S OPPOSITION TO DEFENDANT DUANE MORRIS, LLP'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT